IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DORIS BANKS, CANDY CAPORALE, BRUCE DAVIS, GENE SULLENBERGER, and CHRISTINE WOOTTEN, for themselves and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>E.I. DU PONT DE NEMOURS AND COMPANY, THE CHEMOURS COMPANY, THE 3M COMPANY, (f/k/a Minnesota Mining and Manufacturing, Co.), PROCINO PLATING, INC., a/k/a PROCINO ENTERPRISES, a/k/a PROCINO, and BLADES DEVELOPMENT LLC,<br><br>*Defendants*. | C.A. No.<br><br><br>JURY TRIAL DEMANDED |

**NOTICE OF REMOVAL**

Defendant 3M Company ("3M"), by undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the Superior Court of the State of Delaware to the United States District Court for the District of Delaware. Removal is pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").

**THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

1. Plaintiffs Doris Banks, Candy Caporale, Bruce Davis, Gene Sullenberger, and Christine Wootten commenced this action by filing a Class Action Complaint (the "Complaint") on or about May 17, 2019 in the Superior Court of the State of Delaware. The case was docketed with Case Number S19C-05-024 ESB. Plaintiffs served copies of the Complaint and summons on 3M on August 8, 2019. A true and correct copy of the Complaint and any other papers filed in the Superior Court are attached collectively as Exhibit A. No other process, pleadings, or orders have been served upon 3M.

2. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of service of the Complaint on 3M. Accordingly, removal is timely.

3. The time for 3M to answer, move, or otherwise plead with respect to the Complaint has not yet expired.

4. Pursuant to 28 U.S.C. § 1446(d), 3M is serving a copy of this Notice upon counsel for all adverse parties to this case, and a copy is being filed with the Clerk of the Superior Court of the State of Delaware.

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 87 and 1441(a), because the United States District Court for the District of Delaware is the federal judicial district embracing the Superior Court of the State of Delaware, where this action was originally filed.

6. By filing a Notice of Removal in this matter, 3M does not waive the rights of any Defendant to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and 3M specifically reserves the rights of all Defendants to assert any defenses and/or objections to which they may be entitled.

7. Moreover, 3M reserves the right to amend or supplement this Notice of Removal.

8. If any question arises as to the propriety of the removal of this action, 3M requests the opportunity to present a brief and requests oral argument in support of removal.

9. As shown below, this case is removable to federal court pursuant to CAFA.

## THIS CASE IS REMOVABLE UNDER CAFA

10. Removal of this action is proper pursuant to CAFA, which "provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (citing 28

U.S.C. § 1332(d)(2), (d)(5)(B)). To determine whether the amount in controversy requirement under CAFA is satisfied, "the claims of the individual class members shall be aggregated." *Id.* (quoting § 1332(d)(6)).

11. The consent of all defendants to CAFA removal is not required. *See* 28 U.S.C. § 1453(b) ("such action may be removed by any defendant without the consent of all defendants").

### A. The Numerosity Requirement Is Satisfied.

12. The named Plaintiffs invoke Rule 23 of the Delaware Superior Court Rules of Civil Procedure, and seek to represent other persons on a class action basis as alleged in the Complaint. *See* Complaint ¶¶ 153-165. Accordingly, this case is a "class action" within the meaning of CAFA because it is brought pursuant to a "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

13. Moreover, although the Complaint does not contain any explicit definition of the putative class, it alleges (¶ 137) that "[t]he Putative Class represents *over 1,300* residents of the Town of Blades[, Delaware]." (Emphasis added.) The Complaint further alleges that "Plaintiffs and the Putative Class have suffered exposure, personal injury, bioaccumulation of PFCs in their blood which causes known cancers and diseases, property damage and the diminution of property value as a result of the PFC contamination of the municipal and private water supplies" (*id.* ¶ 148), and that "[i]t is expected that the Class Members will number *in the thousands*." *Id.* (emphasis added). Accordingly, this action satisfies the requirement for removal that "the number of members of all proposed plaintiff classes in the aggregate" is equal to or greater than 100. 28 U.S.C. § 1332(d)(5)(B).

B. **The Minimal Diversity Requirement Is Satisfied.**

14. This Court possesses "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

15. Moreover, under CAFA, this action "may be removed to a district court of the United States in accordance with section 1446 . . . without regard to whether any defendant is a citizen of the State in which the action is brought." 28 U.S.C. § 1453(b).

16. As noted above, the Complaint (¶ 137) alleges that "[t]he Putative Class represents over 1,300 residents of the Town of Blades." Based on data available on the website of the United States Census Bureau, it is apparent that at least one resident of the Town of Blades is not a U.S. citizen, but rather is a citizen of a foreign state. *See* Exhibit B (Declaration of Kelly Farnan) ("Farnan Decl."), ¶ 2 and Ex. 1, at 3. Indeed, the Census Bureau website reflects that approximately 16% of the residents of Blades, Delaware (217 residents out of a total population of 1382) are not U.S. citizens. *Id.*

17. As alleged in the Complaint (¶ 173), Defendant 3M is a Delaware corporation. Thus, 3M is a citizen of Delaware.[1]

18. Under 28 U.S.C. § 1332(d)(2)(B), minimal diversity exists under CAFA whenever "***any member of a class*** of plaintiffs ***is*** a foreign state or ***a citizen or subject of a foreign state and any defendant is a citizen of a State***." ((Emphasis added.) Because at least one member of the putative class is "a citizen or subject of a foreign state" (*i.e.*, a non-U.S. citizen), and 3M is a citizen

---

[1] 3M maintains its principal place of business in Minnesota, and thus is a citizen of Minnesota as well.

of Delaware, CAFA's minimal diversity requirement is satisfied. *See also Duran v. Fernandez Bros., Inc.*, 2015 WL 7012884, at *3 (N.D. Cal. Nov. 12, 2015) (defendant who was a citizen of California sufficiently pleaded minimal diversity under CAFA by alleging that putative class members who were residents of California were non-U.S. citizens).

19. Moreover, it appears that at least one member of the putative class is domiciled in, and thus a citizen of, a State other than Delaware. As discussed above, the Complaint does not contain any explicit definition of the putative class. The putative class *includes* the "over 1,300 residents of the Town of Blades" (Compl. ¶ 137), but evidently is not limited to them, for the Complaint elsewhere alleges that "the number of impacted individuals, upon information and belief, have [sic] reached *the thousands*." *Id.* ¶ 157 (emphasis added). *Accord id.* ("It is expected that the Class Members will number in the thousands."). The putative class evidently includes not just residents of Blades, but those who own, or have owned, property there. *See, e.g.*, Compl. ¶ 148 (alleging that the putative class includes, among others, those that have incurred "*property damage and the diminution of property value* as a result of the PFC contamination of the municipal and private water supplies") (emphasis added); *id.* ¶ 199 (seeking damages that include "the difference between the current value of Plaintiffs' and Class Members' properties and such value if the harm had not been done," as well as "the cost of repair or restoration"), *id.* ¶ 232 (asserting that Defendants "release[d] toxic PFOA and PFOS from the facilities into the air, dust, soil, and groundwater of the properties owned and/or occupied by Plaintiffs"). The putative class also evidently includes residents, and those who own or have owned property, in Seaford, Delaware. *See id.* ¶ 166 (alleging that "Plaintiff Doris Banks is a resident of the Town of Blades, who currently resides at 26894 Bethel Concord Road, Seaford, Delaware 19973"); *accord id.* ¶¶ 168-

70 (alleging that each of Plaintiffs Davis, Sullenberger, and Wootten is a "resident of the Town of Blades" with an address in "Seaford, Delaware").[2]

20. According to the Complaint, "[w]hile the exact number of Class Members is not yet known, a precise number can be ascertained from objective criteria such as U.S. Federal Census records, the State of Delaware, and the public records of the municipal entity(ies), and through other appropriate discovery." *Id.* ¶ 157. Review of such public records indicates that various properties within Blades and Seaford are actually owned by individuals that appear to be domiciled outside of Delaware. *See*, *e.g.*, Farnan Decl., Exs. 2 through 16.[3]

21. Accordingly, there is also minimal diversity under 28 U.S.C. § 1332(d)(2)(A), which provides that there is minimal diversity if "any member of a class of plaintiffs is a citizen of a State different from any defendant[.]"

**C. The Amount In Controversy Requirement Is Satisfied.**

22. Under CAFA, the amount in controversy must exceed five million dollars ($5,000,000), exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2). In a putative class action, the amount in controversy is determined by aggregating the claims of all members of the putative class. *See* 28 U.S.C. § 1332(d)(6). The Supreme Court has made clear that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554

---

[2] The website for Blades, Delaware describes Seaford, Delaware as the "sister community" of Blades. *See* https://blades.delaware.gov/history-a-town-called-blades-delaware/ ("The Town of Blades is one of Sussex County's last incorporated areas—but in point of time, the town itself is possibly as old as its sister community–Seaford.").

[3] The property records attached as Exhibits 2 to 16 to the Farnan Declaration identify 15 properties located in the "City" of "Seaford" and the "Town" of "BL-Blades." The addresses provided for the property owners are in Florida, Maryland, New Jersey, New York, Pennsylvania, South Carolina, Virginia, and Washington.

(2014); *see also Polanco v. Amgard Ins. Co.*, 2018 WL 6380707, at *2-4 (D. Del. Dec. 6, 2018). Moreover, in "actions seeking declaratory and injunctive relief, it is well established that the amount in controversy" may be "measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). And in addition to "compensatory damages," a court "must also consider" both "punitive damages" and "attorney's fees" "when calculating the amount in controversy" under CAFA. *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007).

23. The amount in controversy in this action exceeds five million dollars ($5,000,000) in the aggregate. The Complaint alleges that "[t]he properties of the Plaintiffs and the Putative Class have been damaged as a result of the presence of PFCs in their homes, their soil, surrounding property and potable water supply" (Compl. ¶ 150), and that "[t]he inability to use potable drinking water at their residences has caused the Plaintiffs and Class Members significant inconvenience and expense" (*id.* ¶ 248). The named Plaintiffs seek to recover, *inter alia*, monetary damages "directly resulting from their injuries to persons and property, in a sufficient amount to compensate Plaintiffs and Class Members for the injuries and losses sustained and to restore Plaintiffs and Class Members to the original position, including but not limited to the difference between the current value of Plaintiffs' and Class Members' properties and such value if the harm had not been done, the cost of repair or restoration, the value of the use of the continuous trespass" (Compl. ¶ 199), and "the cost to bring an end to the trespass" (*id.* 243). The Complaint also alleges that "Plaintiffs and the Classes have been injured in that their exposure to PFOS, PFOA, and potentially other toxic substances has caused them to develop illnesses associated with the exposure" (*id.* ¶ 222), and that they are entitled to recover for "injuries to persons, including the need for medical monitoring as an element of damages." *Id.* ¶ 199; *see also id.* ¶¶ 250, 256. Plaintiffs seek

declaratory relief and "an order establishing a medical monitoring protocol for Plaintiffs and Class Members," as well as "exemplary, consequential, … and punitive damages" and "an award of attorney fees and costs." *Id.* at p. 73 ("Prayer For Relief").

24. Given the breadth of the alleged damages and relief sought, and the Plaintiffs' own allegation that they expect "that the Class Members will number in the thousands" (*see* Compl. ¶ 157), it is apparent on the face of the Complaint that at the time of this removal, the aggregate amount in controversy is greater than five million dollars ($5,000,000), exclusive of interest and costs.

25. Accordingly, although 3M denies that Plaintiffs or any putative class members are entitled to recover any amount, and denies that Plaintiffs or putative class members are entitled to any of the relief sought, the amount in controversy requirement for removal under CAFA is satisfied.

26. Because the numerosity, minimal diversity, and amount in controversy requirements of CAFA are satisfied, this case is subject to removal to federal court.

WHEREFORE, Notice is given that this action is removed from the Superior Court of the State of Delaware to the United States District Court for the District of Delaware.

|  |  |
|---|---|
| OF COUNSEL:<br>Richard F. Bulger<br>Mayer Brown LLP<br>71 South Wacker Drive<br>Chicago, Illinois 60606<br>(312) 782-7318<br>rbulger@mayerbrown.com<br><br>Dated:  September 6, 2019 | */s/ Kelly E. Farnan*<br>Kelly E. Farnan (#4395)<br>Richards, Layton & Finger, PA<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>farnan@rlf.com<br><br>*Attorneys for Defendant for 3M Company* |

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2019, true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

**By CM/ECF**
R. Joseph Hrubiec
Napoli Shkolnik, LLC
919 N. Market Street
Suite 1801
Wilmington, DE 19801

**By CM/ECF**
Andrew S. Dupre
Janine L. Faben
Travis J. Ferguson
McCarter & English, LLP
Renaissance Centre
405 North King Street
8th Floor
Wilmington, DE 19801

**By U.S. Mail**
Procino
Procino Enterprises
Procino Plating, Inc.
6211 Phillips Landing Road
Laurel, DE 19956

**By U.S. Mail**
Blades Development LLC
50 Albe Drive
Newark, DE 19702

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
farnan@rlf.com

RLF1 21981915v.1