IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DORIS BANKS, CANDY CAPORALE, BRUCE DAVIS, GENE SULLENBERGER, and CHRISTINE WOOTTEN, for themselves and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> E.I. DU PONT DE NEMOURS AND COMPANY, THE 3M COMPANY (f/k/a Minnesota Mining and Manufacturing, Co.), ATOTECH USA, LLC, MACDERMID, INC., PROCINO PLATING, INC., a/k/a PROCINO ENTERPRISES, a/k/a PROCINO, and BLADES DEVELOPMENT LLC, <br><br> Defendants. | C.A. No. 19-1672-MN-JLH |

## **MEMORANDUM OPINION**

R. Joseph Hrubiec, NAPOLI SHKOLNIK LLC, Wilmington, Delaware.

Paul Napoli, NSPR LAW SERVICES LLC, Hato Rey, Puerto Rico.

    Attorneys for Plaintiffs

Michael P. Kelly, Andrew S. Dupre, Janine L. Faben, Travis J. Ferguson, MCCARTER & ENGLISH LLP, Wilmington, Delaware.

    Attorneys for Defendant E.I. DuPont de Nemours and Company

Kelly E. Farnan, RICHARDS, LAYTON, & FINGER, P.A., Wilmington, Delaware.

Richard Bulger, Michael A. Olsen, Joshua D. Yount, Tyler D. Alfermann, MAYER BROWN LLP, Chicago, Illinois.

    Attorneys for Defendant 3M Company

Catherine A. Gaul, Andrew Colin Mayo, Randall J. Teti, ASHBY & GEDDES, P.A., Wilmington, Delaware.

Neil K. Gilman, HUNTON ANDREWS KURTH LLP, Washington, District of Columbia.

Alexandra B. Cunningham, Thomas R. Waskom, HUNTON ANDREWS KURTH LLP, Richmond, Virginia.

    Attorneys for Defendant Atotech USA, LLC

Barry M. Klayman, COZEN O'CONNOR, Wilmington, Delaware.

James H. Heller, Paul K. Leary, Jr., COZEN O'CONNOR, Philadelphia, Pennsylvania.

Michael de Leeuw, COZEN O'CONNOR, New York, New York.

    Attorneys for Defendant MacDermid, Inc.

December 2, 2021
Wilmington, Delaware

**JENNIFER L. HALL, U.S. MAGISTRATE JUDGE**

Plaintiffs filed this case as a proposed class action. They allege that Defendants caused the groundwater in Blades, Delaware to be contaminated with perfluorinated chemicals, resulting in harm to the class members' health and property. The Court had questions about the existence of subject matter jurisdiction and requested briefing from the parties. This Memorandum Opinion concludes that the Court has subject matter jurisdiction and should exercise it.

### I.     BACKGROUND

Plaintiffs originally filed this action in the Superior Court of the State of Delaware. (D.I. 1 (No. S19C-05-024 (Del. Super. Ct. May 17, 2019)).) The original Complaint named as defendants E.I. DuPont de Nemours and Co. ("DuPont"), Chemours Co. ("Chemours"), 3M Co. ("3M"), Procino Plating, Inc. ("Procino"), and Blades Development LLC ("Blades Development"). On September 6, 2019, Defendant 3M removed to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). (D.I. 1.)

On September 27, 2019, Plaintiffs filed a motion to remand back to state court. (D.I. 8.) Among other things, Plaintiffs argued that remand was appropriate under CAFA's "local controversy exception," 28 U.S.C. § 1332(d)(4)(A), its "home state exception," § 1332(d)(4)(B), and its "discretionary exception," § 1332(d)(3). The motion was fully briefed. (D.I. 9; D.I. 26; D.I. 33.) However, on February 7, 2020, prior to any decision by the Court, the parties filed a joint stipulation that resolved the motion to remand. (D.I. 43.) The stipulation indicated that Plaintiffs had agreed to withdraw their motion in exchange for Defendants' agreement not to oppose Plaintiffs' request for leave to file a first amended complaint. (*Id.*) The Court entered an order

confirming the withdrawal of Plaintiffs' motion to remand and granting Plaintiffs leave to file an amended complaint.

Plaintiffs filed a First Amended Complaint on February 7, 2020. (D.I. 44.) The FAC dropped Chemours as a defendant and added new defendants Atotech USA, LLC ("Atotech") and MacDermid, Inc. ("MacDermid"). (*Id.*) The FAC alleges, in pertinent part, that two electroplating facilities in Blades, Delaware (which are now owned by Defendants Procino and Blades Development) used products containing perfluorinated chemicals ("PFCs")—including perfluorooctane sulfonate ("PFOS") and perfluorooctanoic acid ("PFOA")—manufactured and sold by Defendants Atotech and MacDermid. The FAC further alleges that Defendants DuPont and 3M, despite being aware of the adverse health effects associated with PFCs, manufactured and sold PFOS and PFOA-containing products used in the Blades facilities and also manufactured PFOS and PFOA that were used to produce PFC-containing products. Plaintiffs contend that the groundwater in Blades has been contaminated by PFCs, causing damage to property and residents, and the FAC alleges various causes of action. Procino answered the FAC, but the other defendants moved to dismiss for failure to state a claim. (D.I. 55; D.I. 65; D.I. 67; D.I. 69; D.I. 71; D.I. 81.)

While the motions to dismiss were pending, the Court had questions about the existence of subject matter jurisdiction. In accordance with its independent duty to satisfy itself of its subject matter jurisdiction, the Court ordered the parties to submit supplemental briefing.[1] (D.I. 86.) The

---

[1] The Court requested briefing on the applicability of 28 U.S.C. § 1332(d), including but not limited to the following issues: (1) whether the exceptions set forth in § 1332(d)(4) are jurisdictional; (2) whether the Court may, or must, consider *sua sponte* whether to decline jurisdiction under § 1332(d)(3) and/or (d)(4); (3) if the Court does *sua sponte* consider whether to decline jurisdiction under § 1332(d)(3) and/or (d)(4), which party has the burden to establish that the statutory elements are, or are not, satisfied; (4) whether the Court may apply a rebuttable presumption regarding the state citizenship of the proposed plaintiff class; (5) whether the class proposed in the FAC comprises only United States citizens; and (6) whether § 1332(d)(4)(A)(ii)

parties submitted briefing (D.I. 90; D.I. 92; D.I. 93)[2] and the Court heard argument on September 9, 2021. (Tr. _.) For the reasons discussed below, the Court concludes that it has subject matter jurisdiction and that it will not decline to exercise it pursuant to the CAFA exceptions.

## II.  DISCUSSION

Defendants argue that the Court has subject matter jurisdiction under CAFA. I agree.

CAFA expanded diversity jurisdiction for class actions for the purpose of getting cases involving matters of national importance before federal courts. *See Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014); *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 149 (3d Cir. 2009). Specifically, 28 U.S.C. § 1332(d)(2) "provides district courts with original jurisdiction over cases that have (1) an amount in controversy over $5,000,000; (2) minimally diverse parties, meaning at least one member of the plaintiff class is a citizen of a state different from any defendant; and (3) a class consisting of at least 100 members." *Walsh v. Defenders, Inc.*, 894 F.3d 583, 586 (3d Cir. 2018).

Plaintiffs do not currently dispute that each of those elements is met (and the Court agrees). Rather, Plaintiffs contend that this case falls within CAFA's local controversy exception,

---

is satisfied. (D.I. 86.) The Court denied the pending motions to dismiss with leave to renew within fourteen days after the Court rules on the applicability of § 1332(d).

[2] Defendants' Motion for Leave to File Surreply Brief Regarding Order to Show Cause and Opposing Remand (D.I. 95) is DENIED.

5

§ 1332(d)(4)(A),[3] its home state exception, § 1332(d)(4)(B),[4] and its discretionary exception, § 1332(d)(3).[5] CAFA instructs that district courts "shall decline to exercise jurisdiction under

---

[3] The local controversy exception provides:
(4) A district court shall decline to exercise jurisdiction under [§ 1332(d)(2)]—
    (A)
        (i) over a class action in which—
            (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
            (II) at least 1 defendant is a defendant—
                (aa) from whom significant relief is sought by members of the plaintiff class;
                (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
                (cc) who is a citizen of the State in which the action was originally filed; and
            (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
        (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons . . . .
28 U.S.C. § 1332(d)(4)(A).

[4] The home state exception provides: "(4) A district court shall decline to exercise jurisdiction under [§ 1332(d)(2)] . . . (B) [where] two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).

[5] The discretionary exception provides:
(3) A district court may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under [§ 1332(d)(2)] over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of—
    (A) whether the claims asserted involve matters of national or interstate interest;
    (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
    (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
    (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

[§ 1332(d)(2)]" if the local controversy or home state exception applies. 28 U.S.C. § 1332(d)(4). And district courts "may . . . decline to exercise jurisdiction under [§ 1332(d)(2)]" if the discretionary exception applies.

Before examining the applicability of those exceptions, however, the Court will first address the parties' dispute over whether the CAFA exceptions are jurisdictional. Why does that matter? It matters because Defendants say that Plaintiffs have waived their right to assert those exceptions. If the exceptions are jurisdictional, they cannot be waived, because a party cannot waive a challenge to subject matter jurisdiction. *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76 (3d Cir. 2003). If they are not jurisdictional, the Court may consider Defendants' waiver argument. I take each in turn.

### A.    The CAFA Exceptions are Not Jurisdictional.

The Third Circuit Court of Appeals has not squarely confronted the issue, but other Circuit Courts have concluded that the CAFA exceptions are not jurisdictional. *See, e.g.*, *Dutcher v. Matheson*, 840 F.3d 1183, 1190 (10th Cir. 2016); *Watson v. City of Allen*, 821 F.3d 634, 639 (5th Cir. 2016); *Clark v. Lender Processing Servs.*, 562 F. App'x 460, 465 (6th Cir. 2014) ("[T]he local-controversy and home-state exceptions do not deprive a court of jurisdiction."); *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 869 (9th Cir. 2013) ("The 'local controversy' exception is not jurisdictional."); *Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137, 142 (2d Cir. 2013); *Morrison v. YTB*

---

(E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3).

*Int'l, Inc.*, 649 F.3d 533, 536 (7th Cir. 2011) ("We recognize that § 1332(d)(4) does not itself diminish federal jurisdiction."); *Graphic Commc'ns Loc. 1B Health & Welfare Fund A v. CVS Caremark Corp.*, 636 F.3d 971, 973 (8th Cir. 2011).

Those courts have reasoned that the statutory command to "decline to exercise" jurisdiction assumes that it is otherwise present, and the exceptions are thus akin to abstention, which is not jurisdictional. *See, e.g.*, *Dutcher*, 840 F.3d at 1190 ("Rather than divesting a court of jurisdiction, the local controversy exception operates as an abstention doctrine."); *Watson*, 821 F.3d at 639 ("We have already recognized that the 'local controversy' and 'home state' exceptions require abstention from the exercise of jurisdiction and are not truly jurisdictional in nature."); *Clark*, 562 F. App'x at 465; *Visendi*, 733 F.3d at 869; *Gold*, 730 F.3d at 142; *Morrison*, 649 F.3d at 536 ("[Section 1332(d)(4)] directs district judges to 'decline to exercise' jurisdiction otherwise present and thus is akin to abstention."); *Graphic Commc'ns*, 636 F.3d at 973.

I agree.[6]  The CAFA exceptions are not jurisdictional.

### B.  Plaintiffs Have Waived Their Right to Assert the CAFA Exceptions.

Because the CAFA exceptions are not jurisdictional, a party can waive their right to rely on them. Defendants contend that Plaintiffs waived their right to assert the exceptions in support of a remand. I agree.

"[W]aiver . . . is the intentional relinquishment or abandonment of a known right." *Barna v. Bd. of Sch. Directors*, 877 F.3d 136, 147 (3d Cir. 2017) (cleaned up). Courts have held that a

---

[6] The cases cited by Plaintiffs are either unpersuasive or inapposite. Plaintiffs cited the district court's opinion in *Lao v. Wickes Furniture Co.*, 455 F. Supp. 2d 1045, 1054–59 (C.D. Cal. 2006), but the Ninth Circuit has expressly disagreed with that opinion. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023 (9th Cir. 2007) ("We are not persuaded by *Lao's* reasoning because it is inconsistent with the statute."). The other cases cited by Plaintiffs did not consider whether the CAFA exceptions are jurisdictional. (Tr. 8:21–9:8.)

8

party seeking remand can waive (or forfeit) its right to rely on a CAFA exception by failing to properly preserve the argument. *See, e.g.*, *Clark*, 562 F. App'x at 465; *Visendi*, 733 F.3d at 869–70; *Gold*, 730 F.3d at 142.

Here, Plaintiffs clearly and unequivocally waived their right to rely on the CAFA exceptions when they (1) voluntarily agreed to withdraw their pending motion to remand based on those exceptions and then (2) invoked the jurisdiction of this Court by filing the FAC. *See Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996) ("By the 'mere filing of an amended petition,' [the plaintiff] 'consented to accept the jurisdiction of the United States court.'" (quoting *In re Moore*, 209 U.S. 490, 496 (1908))); *cf. Presidential Bank, FSB v. 1733 27th St. SE LLC*, 271 F. Supp. 3d 163, 167 n.3 (D.D.C. 2017) (holding that, by withdrawing its motion to remand, plaintiff had waived its right to request remand based on forum-defendant rule).

### C. Regardless, the CAFA Exceptions Do Not Apply Here.

Even if Plaintiffs had not waived the argument, I conclude that the CAFA exceptions do not apply here.[7] The parties agree that the burden to prove the applicability of a CAFA exception is on Plaintiffs.

#### 1. Local Controversy Exception, § 1332(d)(4)(A)

The local controversy exception requires district courts to decline to exercise jurisdiction only when a number of requirements are satisfied, including the following: "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the

---

[7] The Third Circuit has not addressed whether a district court may or must consider the CAFA exceptions *sua sponte*, though other courts have done so. *See, e.g.*, *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1223–24 (9th Cir. 2020) ("[A]lthough not required to do so, . . . a district court may raise sua sponte an exception to CAFA jurisdiction."); *Bey v. SolarWorld Indus. Am., Inc.*, 904 F. Supp. 2d 1103, 1108 (D. Or. 2012) (considering CAFA exceptions *sua sponte* and concluding that the case should be remanded).

same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A)(ii). Plaintiffs have failed to demonstrate that the requirement is met here.[8]

Indeed, Defendants have identified multiple class action complaints against 3M and DuPont with similar factual allegations and causes of action as this one. (*See* D.I. 92 at 12 n.1, Exs. A-1–4.) For example, the class action complaint in *Henry v. Wolverine World Wide, Inc.*, No. 18-1924, D.I. 1 (D. Del. Dec. 4, 2018) alleged (among other things) that 3M, despite being aware of the adverse health effects associated with PFCs, manufactured and sold PFOS, PFOA, and PFC-containing products that made their way into a water supply in Michigan, causing damage to residents. (*See* D.I. 92, Ex. A-1.) Those allegations are factually similar to the allegations against 3M in the FAC here. *Cf. Brown v. Saint-Gobain Performance Plastics Corp.*, No. 16-242, 2016 WL 6996136, at *4 (D.N.H. Nov. 30, 2016) ("Courts have found . . . similarities [for purposes of CAFA] where plaintiffs alleged nearly identical conduct by the same defendant in different states resulting in the same injury to different plaintiffs." (citing cases)).

Plaintiffs suggest that those allegations are not "the same or similar" within the meaning of the statute because the other cases do not involve electroplating facilities or injuries in Blades, Delaware. (*See* D.I. 90 at 15–16; Tr. 18:11–21, 31:9–23.) I disagree. The Third Circuit has cautioned that "the 'no other class action' factor must not be read too narrowly." *Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 508 (3d Cir. 2013). "The inquiry is whether similar factual allegations have been made against the defendant in multiple class actions—and hence they are facing separate, distinct lawsuits—without regard to the procedural posture of the earlier filed

---

[8] Because all of the statutory requirements must be met, I need not address the other requirements.

cases or whether the putative classes in the cases overlap, their claims arise from an identical event, or involve the same causes of action or legal theories." *Id.* at 508–09. The answer to that inquiry here is, "Yes."

The "no other class action" requirement is not met. Thus, the local controversy exception does not apply.

### 2. Home State Exception, § 1332(d)(4)(B), and Discretionary Exception, § 1332(d)(3)

For either the home state or discretionary exception to apply, all the "primary defendants" must be "citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3), (4)(B); *Vodenichar*, 733 F.3d at 506; *see also Dutcher*, 840 F.3d at 1194–95. The FAC alleges, and it is not disputed, that Defendant MacDermid is not a Delaware citizen. (D.I. 44 ¶ 192.) Thus, if MacDermid is a "primary defendant" within the meaning of the statute, the home state and discretionary exceptions are inapplicable.

According to the Third Circuit,

> courts tasked with determining whether a defendant is a "primary defendant" under CAFA should assume liability will be found and determine whether the defendant is the "real target" of the plaintiffs' accusations. In doing so, they should also determine if the plaintiffs seek to hold the defendant responsible for its own actions, as opposed to seeking to have it pay for the actions of others. Also, courts should ask whether, given the claims asserted against the defendant, it has potential exposure to a significant portion of the class and would sustain a substantial loss as compared to other defendants if found liable.

*Vodenichar*, 733 F.3d at 505–06.

Plaintiffs briefs did not respond to Defendants' contention that MacDermid is a primary defendant. (Tr. 13:14–17.) And I agree with Defendants that it is. The FAC names MacDermid as a defendant in five of its eight counts, and it contends that MacDermid is directly liable for its

11

own actions in manufacturing and selling PFC-containing products. Moreover, the FAC seeks similar relief against MacDermid and the other defendants. (*See generally* D.I. 44 ¶¶ 195–289.)

Because MacDermid is a primary defendant, the home state and discretionary exceptions are inapplicable.

## IV.  CONCLUSION

The Court has jurisdiction under CAFA. The CAFA exceptions are not jurisdictional, Plaintiffs waived the right to rely on them, and they don't apply anyway. The Court will exercise jurisdiction over this matter.