IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DORIS BANKS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-1672-JLH-SRF |
| | ) | |
| EIDP, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

At Wilmington this **10th** day of **July, 2024**, the court having considered briefing on Plaintiffs' motion for an extension of the class certification discovery deadline (D.I. 298; D.I. 315), the parties' discovery dispute letter submissions (D.I. 314; D.I. 316; D.I. 317; D.I. 318; D.I. 325), and the arguments presented by the parties during the discovery dispute hearing on July 9, 2024, the pending disputes are addressed as follows consistent with the rulings made on the record:

   1. **Plaintiffs' motion for an extension of the class certification discovery deadline is GRANTED-IN-PART.** Plaintiffs' motion for an extension of the June 25, 2024 class certification discovery cut-off is DENIED. Rule 16(b)(4) states that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To satisfy the good cause requirement, the movant must show that the scheduling deadlines cannot be met despite the movant's diligence. *MacQueen v. Union Carbide Corp.*, C.A. No. 13-831-SLR-CJB, 2015 WL 167674, at *3 (D. Del. Jan. 8, 2015). Plaintiffs have not shown the requisite diligence in this case.

   2. The parties submitted a proposed case schedule setting deadlines for class certification discovery on August 28, 2023, and the court entered the proposed schedule on

October 11, 2023. (D.I. 211; D.I. 218) Under the original scheduling order, document production related to class certification was to be substantially completed by March 8, 2024, and class certification discovery was to be completed by April 26, 2024. (D.I. 218 at ¶ 7(b)-(c))

3. Plaintiffs served their first sets of discovery requests on January 29, 2024, and their 30(b)(6) deposition notices were served on April 5, 2024. (D.I. 298 at 1; D.I. 249-254; D.I. 268-273) The parties agreed to a one-week extension of the class certification discovery deadlines. (D.I. 284) When it became apparent that the parties still could not complete class certification discovery within the stipulated time frame, the parties reached agreement on a 60-day extension of the class certification discovery deadlines. (D.I. 316, Ex. G at 1-2; D.I. 286)

4. Three business days before the stipulated deadline for the completion of class certification discovery, Plaintiffs filed the instant motion seeking an additional extension of 90 days. (D.I. 298 at 4-5) Plaintiffs' delays in propounding discovery requests and in seeking a further extension weigh against granting the requested relief. *See MacQueen*, 2015 WL 167674, at *9. Consequently, Plaintiffs' motion for an extension of the June 25 class certification discovery deadline is DENIED, with the limited exception of any discovery produced by Defendants in response to the discrete issues before the court during the July 9 hearing.

5. Although the deadline for completion of class certification discovery will not be extended, the court will grant a limited extension of 30 days to file the opening brief on the motion for class certification with a corresponding extension on the remaining briefing and class certification expert discovery deadlines which follow the commencement of briefing. There shall be no amendment to the remaining deadlines set in the case scheduling order. (D.I. 218) Furthermore, on or before **July 11, 2024**, the parties shall jointly submit an amended class certification scheduling order incorporating the deadlines in the following chart:

2

| EVENT | CURRENT DEADLINE | AMENDED DEADLINE |
|---|---|---|
| Class Certification Discovery Cut-Off | June 25, 2024 | Same |
| Plaintiffs' Motion for Class Certification and Brief in Support of Motion; Plaintiffs' Class Certification Expert Disclosures | July 19, 2024 | August 19, 2024 |
| Deadline for Deposition of Plaintiffs' Class Experts | September 18, 2024 | October 18, 2024 |
| Defendants' Opposition to Plaintiffs' Class Certification Motion; Defendants' Class Certification Expert Disclosures and Objections to Plaintiffs' Class Certification Expert Disclosures | October 18, 2024 | November 17, 2024 |
| Deadline for Deposition of Defendants' Class Experts | November 20, 2024 | December 20, 2024 |
| Plaintiffs' Reply in Further Support of Class Certification Motion; Plaintiffs' Objections to Defendants' Class Certification Expert Disclosures and Opposition to Defendants' Objections to Plaintiffs' Class Experts | December 20, 2024 | January 21, 2025 |
| Defendants' Opposition to Plaintiffs' Objections to Defendants' Class Experts | January 10, 2025 | February 10, 2025 |

6. **Plaintiffs' motion to compel EIDP and Blades to supplement their responses to Plaintiffs' written discovery requests and provide 30(b)(6) deposition dates is DENIED without prejudice.[1]** As discussed during the July 9 hearing, the court cannot determine the relevance and proportionality of the discovery requests or the sufficiency of the responses thereto without reviewing the requests and responses at issue. Consequently, Plaintiffs' motion to

---

[1] Pursuant to 3M's letter filed on the eve of the discovery hearing, 3M has agreed to supplement its interrogatory responses and document production by July 12, 2024, and Plaintiffs agreed not to pursue a 30(b)(6) deposition of a 3M corporate witness. (D.I. 325) There is no longer a live dispute as to 3M on this issue.

3

compel EIDP and Blades to supplement their responses to requests for production and interrogatories and provide 30(b)(6) deposition dates is DENIED without prejudice. Notwithstanding the ruling, the court directed the parties to meet and confer following the July 9 hearing, in an effort to focus the discovery requests and responses in accordance with Judge Hall's ruling on August 4, 2022. (*See, e.g.*, D.I. 135 at 15 & n.9)

   7. **Defendants' motion to compel Plaintiffs to collect and produce responsive documents and re-depose Plaintiffs is GRANTED-IN-PART.** In accordance with the rulings made during the July 9 hearing, Plaintiffs shall search for and produce documents responsive to Defendants' discovery requests on or before July 23, 2024. The production shall include, but is not limited to, documents identified during the depositions of Plaintiffs Christine Wootten, Bruce Davis, and Gene Sullenberger. (D.I. 316, Exs. C-E) Prior to the depositions of Plaintiffs Doris Banks and Candy Caporale on July 10, 2024, Plaintiffs shall produce the deponents' documents to Defendants. Defendants' request for an affidavit or certification of the completeness of Plaintiffs' document production is DENIED without prejudice.

   8. Defendants' motion to re-depose Wootten, Davis, and Sullenberger is DENIED without prejudice to renew once document discovery for these Plaintiffs is complete and the parties have met and conferred. Defendants' motion to compel the depositions of Banks and Caporale is DENIED as moot in anticipation of their scheduled depositions on July 10, 2024.

   9. Defendants' motion for cost-shifting and/or sanctions is DENIED without prejudice.

   10. **Conclusion.** For the foregoing reasons, IT IS ORDERED that:

   (i) Plaintiffs' motion for an extension of time to complete class certification discovery is GRANTED-IN-PART in accordance with the chart set forth at ¶ 5, *supra.*

4

(ii) Plaintiffs' motion to compel EIDP and Blades to supplement their responses to Plaintiffs' written discovery requests and provide 30(b)(6) deposition dates is DENIED without prejudice.

(iii) Defendants' motion to compel Plaintiffs to collect and produce responsive documents is GRANTED. Plaintiffs shall produce all responsive documents on or before **July 23, 2024.**

(iv) Defendants' motion to re-depose three named Plaintiffs is DENIED without prejudice.

(v) Defendants' motion to compel the deposition of Doris Banks is DENIED as moot.

(vi) Defendants' motion for sanctions against Plaintiffs is DENIED without prejudice.

IT IS FURTHER ORDERED that an in-person discovery dispute hearing is scheduled for August 1, 2024 at 11:00 a.m. in the event there are any further discovery disputes requiring resolution by the court that have not been resolved through the meet and confer process. Should the parties require a further discovery dispute hearing, they shall file a Joint Motion for Discovery Dispute Conference on or before July 25, 2024.

11. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **July 17, 2024,** for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material

would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

12. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

13. The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge