# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CANDY CAPORALE,** *et al.*, <br><br>     Plaintiffs, <br><br> *v.* <br><br> **EIDP, INC.,** *et al.*, <br><br>     Defendants. | **C.A. No. 1:19-cv-01672-JLH-SRF** <br><br> **JURY TRIAL** |

## PLAINTIFFS RESPONSE IN OPPOSITION TO
## DEFENDANT EIDP, INC.'s
## MOTION FOR SUMMARY JUDGEMENT

*Of Counsel:*

Paul J. Napoli, Esq.
   *(Admitted Pro Hac Vice)*
Coral M. Odiot Rivera, Esq.
   *(Admitted Pro Hac Vice)*
Veronica Vazquez Santiago, Esq.
   *(Admitted Pro Hac Vice)*
Gabriel Vazquez, Esq.
   *(Admitted Pro Hac Vice)*
**NS PR LAW SERVICES LLC**
1302 Avenida Ponce de León
San Juan PR  00907-3982
Tel. (833) 271-4502
pnapoli@nsprlaw.com
codiot@nsprlaw.com
vvazquez@nsprlaw.com

 */s/ Thomas C. Crumplar*
Thomas C. Crumplar (DE # 0942)
**JACOBS & CRUMPLAR, P.A.**
10 Corporate Circle
Suite 301
New Castle DE  19720-2418
Tel. (302) 656-5445
tom@jcdelaw.com

*Counsel for Plaintiffs*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ----------------------------------------------------------------------------- ii

INTRODUCTION ------------------------------------------------------------------------------------- 1

NATURE AND STAGE OF THE PROCEEDINGS AND FACTUAL STATEMENT ----------- 2

PROCEDURAL HISTORY --------------------------------------------------------------------------- 4

SUMMARY OF ARGUMENT ------------------------------------------------------------------------ 7

ARGUMENT -------------------------------------------------------------------------------------------- 8

    I.    EIDP Has Not Met Its Burden to Show That Plaintiffs, After Completing Merits Discovery, Will Be Unable to Prove Product Identification ---------------------------- 8

    II.   Even If EIDP Somehow Met Its Burden As Summary Judgement Movant, This Court Should Defer Resolution of The Motion Until Merits Discovery is Completed Under Rule 56(d) ------------------------------------------------------------ 10

CONCLUSION ---------------------------------------------------------------------------------------- 11

# **TABLE OF AUTHORITIES**

**Cases**

*Adickes v. S.H. Kress & Co.*,
    398 U.S. 144 (1970) .................................................................................................. 8, 9

*Baldonado v. Arvinmeritor, Inc.*, No. 13-833-SLR-CJB,
    2014 WL 2116112 (D. Del. May 20, 2014) ..................................................................... 3

*Barnstable County v. 3M Co.*, No. 17-40002,
    2017 WL 6452245 (D. Mass. Dec. 18, 2017) .................................................................. 2

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) .................................................................................................. 8, 9

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
    43 F.3d 1311 (9th Cir. 1995) ........................................................................................ 10

*Doe v. Abington Friends School*,
    480 F.3d 252 (3d Cir. 2007) ......................................................................................... 11

*Shelton v. Bledsoe*,
    775 F.3d 554 (3d Cir. 2015) ......................................................................................... 11

**Statutes and Other Authority**

Edward H. Cooper, *Revising Civil Rule 56: Judge Mark R. Kravitz and the Rules Enabling Act*,
    18 Lewis & Clark L. Rev. (Oct. 2014) ............................................................................ 9

Fed. R. Civ. P. 56(b)(1)(B) .................................................................................................. 9

Fed. R. Civ. P. 56(c) ........................................................................................................... 9

Fed. R. Civ. P. 56(c)(1) ....................................................................................................... 9

Fed. R. Civ. P. 56(d) .............................................................................................. 8, 10, 11

Plaintiffs, by and through the undersigned counsel, respectfully submit this *Response in Opposition to Defendant EIDP, Inc.'s* motion for summary judgment (D.I. 346) which is based solely the fact that Plaintiffs *presently* do not have product identification evidence tying EIDP to the chemicals used at the Procino and Peninsula manufacturing facilities that contaminated the water supply with PFAS.

## **INTRODUCTION**

The basis for Plaintiffs' opposition is simple: EIDP has not, and cannot, meet its burden as summary judgment movant to prove that Plaintiffs will be unable, *after completing discovery*, to prove product identification. This is because, with the agreement of EIDP, this Court ordered that initial discovery in this case would focus on class certification, and that only following a decision on class certification would the parties focus on merits discovery. (D.I. 218, §§ 7(a), 12, 14.) In reliance on that plan for discovery, and to avoid unnecessarily burdening the Court and the Magistrate Judge with further discovery disputes, Plaintiffs trimmed their discovery requests propounded on EIDP and other parties after these defendants objected that the requests were broader than necessary at the class certification stage. As a result, Plaintiffs will be unable to pursue the discovery needed to prove product identification until *after* this Court resolves the matter of class certification.

Given that EIDP refused to cooperate with the discovery Plaintiffs need to prove product identification on the merits, on the basis that under the Scheduling Order such discovery was premature, EIDP's motion for summary judgment, focused on the fact that Plaintiffs do not *currently* have proof of product identification, is equally premature. In sum, EIDP has managed to avoid, for now, the burden of answering further discovery, but at the cost of not being able to meet its burden as summary judgment movant to show that Plaintiffs will be unable to prove

1

product identification. Therefore, EIDP's motion for summary judgment on product identification must be denied at this juncture.

## NATURE AND STAGE OF THE PROCEEDINGS AND FACTUAL STATEMENT

Plaintiffs, Candy Caporale, Bruce Davis, Gene Sullenberger, and Christine Wooten and all others similarly situated, filed a Complaint in the Superior Court of the State of Delaware on May 17, 2019 against 3M Company ("3M"), E.I. DuPont de Nemours and Company ("DuPont"), the Chemours Company ("Chemours"), an electroplating company in Blades named Procino Plating Inc. ("Procino"), and the owner of property used by a former Blades electroplating company named Peninsula Plating ("Peninsula").

On September 6, 2019, Defendant 3M removed the case to the United States District Court for the District of Delaware (D.I. 1). Pursuant to stipulation, Plaintiffs filed a First Amended Class Action Complaint ("FAC") on February 7, 2020, that removed Chemours as a defendant and added two additional producers of products used in the electroplating process that contained perfluorinated chemicals ("PFC"), Atotech USA, LLC ("Atotech") and MacDermid, Inc. ("MacDermid"). (D.I. 44).

On December 22, 2021, Defendants filed motions to dismiss the Amended Complaint (D.I. 106). On August 4, 2022, then Magistrate Judge Jennifer L. Hall issued a Report and Recommendation (granting in part and denying in part) (D.I. 135). On August 19, 2022, Judge Maryellen Noreika adopted the Report and Recommendation of Magistrate Judge Hall (D.I. 137). It bears emphasis that the Court addressed the argument of Defendants EIDP and 3M's concerning product identification, distinguishing this case from the nonbinding authority cited by Defendants, *Barnstable County v. 3M Co.*, No. 17-40002, 2017 WL 6452245 (D. Mass. Dec. 18, 2017) (dismissing complaint that alleged that any of up to 54 defendants could have provided the

2

contaminating chemicals), and *Baldonado v. Arvinmeritor, Inc.*, No. 13-833-SLR-CJB, 2014 WL 2116112 (D. Del. May 20, 2014) at *1 (dismissing complaint that alleged that any of 34 defendants could have sold the injurious asbestos).

The Court then dismissed Defendants arguments indicating that the plausibility of PFOA manufactured by 3M having made its way to a facility in Blades at some point between 1983 and 2000, and from EIDP since the year 2000. However, the adopted report granted Defendants leeway to move for summary judgment at an appropriate time (D.I. 135, at 15-16). On November 21, 2022, Plaintiffs filed a Third Amended Complaint (D.I. 160). On August 15, 2023, after various motions to dismiss were filed, Judge Noreika again referred them to then Magistrate Judge Hall. The court once again adopted the report and recommendation and sustained the count of negligence against Defendant EIDP based on all 23 allegations therein (D.I. 202).

After the Scheduling Order was set on October 11, 2023, the focus of discovery amongst the parties, as the Court had directed, was on class certification (D.I. 218). EIDP kept relying on its dilatory tactics to avoid or limit its obligation to supply information on its sales to Atotech and MacDermid. As a result, an in-person hearing was held on July 9, 2024, and the Court ordered EIDP and Plaintiffs to meet and confer once again to resolve the pending discovery. Ultimately the parties were able to enter into an agreement, resulting in a narrowed set of interrogatories and a narrowed set of requests for production of documents aimed at obtaining the information needed to complete the class-certification discovery phase.[1]

---

[1] See Exhibit 1 – Exhibit 4.

3

After much resistance, Plaintiffs finally obtained a narrowed discovery from Defendant regarding product identification, which was limited to native or local sales. From such documents it is evident that EIDP sold PFAS containing products to Atotech and MacDermid.[2]

## PROCEDURAL HISTORY

The procedural summary in EIDP's Opening Brief in Support of Motion for Summary Judgment (D.I. 347) ("EIDP Br") at 2-4 is generally adequate in describing the parties' discovery activity to date (including their disputes over the breadth of discovery) conducted pursuant to this Court's scheduling order issued in October 2023 (D.I. 218), *except* for EIDP's failure to acknowledge that the parties were directed to focus on discovery related to class certification; the Court indicated that full merits discovery would occur only *after* class certification was ruled on; and EIPD resisted additional discovery on product identification on the basis that it should be deferred until after the class certification stage. These omitted facts are of great significance to this motion.

Several sections of the Scheduling Order made it quite clear that during the first phase of discovery, Defendants could resist full discovery on issues related to the merits if such discovery was not essential to resolution of class certification (as EIPD and other Defendants ultimately resisted regarding discovery on product identification).

In particular, Section 7(a) provided that "the Parties shall focus discovery initially on those issues relevant to class certification subject to further order of this Court following ruling on a motion for class certification as set forth below."

---

[2] See Exhibit 5 (Table Summary of EIDP sales to Atotech from 2007-2013).

4

Section 12 indicated that "following a decision on class certification, the Court [would] hold a status conference to address subsequent deadlines, including further merits discovery and expert deadlines, dispositive motion deadlines and a pretrial conference."

Section 14 indicated that the additional discovery "may continue for a period of 6 months following a decision on class certification."

As contemplated in the Scheduling Order, discovery amongst the parties was focused on class certification. During this process, as the exhibits to EIDP's motion make clear, EIDP and the other Defendants objected to the full range of discovery on product identification sought by Plaintiff, and/or indicated that their discovery responses were tentative and incomplete, and subject to later change, thus making clear that Plaintiffs were not being accorded the full range of discovery on product identification that will ultimately be necessary during merits-stage discovery.

For example, in refusing to answer certain interrogatories and document production requests seeking information relevant to product identification, EIDP, relying on Section 7(a) of the Scheduling Order, objected that the discovery requests "seek information completely unnecessary for class certification and accordingly are not in keeping with the Scheduling Order's requirement of 'focus' and are overbroad and not proportional to the needs of the case." (D.I. 349-1, Page ID # 6063 [EIDP Exhibit 2] & Page ID # 6079 [EIDP Exhibit 3]).

For its part, in answering interrogatories seeking a definitive list of all products containing PFOA or PFOS that it had ever used, Defendant Procino Plating stated that it had "not completed its investigation," and thus reserved the "right to further amend, correct, or supplement these responses"; it objected to the discovery "as overly broad, unduly burdensome, and disproportionate to the needs" of the case; and it ultimately offered only a tentative response regarding whether it

5

used any products that had been produced by EIDP. (D.I. 349-1, Page ID # 6088, 6091-92 [EIDP Exhibit 4]).

Similarly, in answering interrogatories seeking to determine whether Defendant Atotech had supplied to Procino products produced by EIDP, Atotech was similarly clear that it objected to the breadth of the discovery sought, and that its responses were necessarily tentative. For example, Atotech objected that the discovery sought was "overly broad, unduly burdensome, not proportional to the needs of the case, vague, and ambiguous"; it cautioned "that, due to the passage of time, some of the information requested may be impossible to recreate," and it could not produce "information no longer within its possession, custody, or control, or within the memory of its employees; and it reiterated that "[d]iscovery is ongoing and investigation continues," and "Atotech will supplement as appropriate." (D.I. 349-1, Page ID # 6096-98 [EIDP Exhibit 5]).

Given the various objections to discovery, particularly those raised by EIDP, an in-person hearing was held on July 9, 2024 (D.I. 349-1, Page ID # 6050-55 [EIDP Exhibit 1]), after which the Court ordered EIDP and Plaintiffs to meet and confer once again to resolve the pending discovery. Afterwards, the parties were able to enter into an agreement resulting in a narrowed set of interrogatories and a narrowed set of requests for production of documents aimed at obtaining the necessary information for the class certification discovery phase only.[3] After much resistance, Plaintiffs finally obtained a narrowed discovery from EIDP regarding product identification, which was limited to native or local sales. From such documents it is evident that EIDP sold *some* PFAS-containing products to Atotech and MacDermid.[4]

---

[3] See Exhibit 1 – Exhibit 4.

[4] See Exhibit 5 (Table Summary of EIDP sales to Atotech from 2007-2013).

6

What has not been determined through discovery with any conclusiveness, however, given the resistance during discovery from Defendants during this first, limited, discovery phase, are three things: whether any of these products were sold to Procino or Peninsula; whether any *other* products containing PFAS were sold to Atotech and MacDermid (EIDP has to date refused to say) and, if so, whether any of these products were sold to Procino or Peninsula; and, finally, whether EIDP sold products containing PFAS to third-party distributors which then sold these products to Procino or Peninsula (an avenue of discovery that EIDP has likewise stonewalled on). These are the remaining lines of discovery relevant to product identification that will be completed, after there is a ruling on class certification and the remaining discovery, pertaining solely to the merits, occurs.

## **SUMMARY OF ARGUMENT**

**I.** Defendant EIDP has not met its burden as summary judgment movant to show that Plaintiffs will be unable to prove product identification. Having successfully blocked full discovery into product identification on the basis that it was not relevant to class certification, the focus of discovery since October 2023, it has no means of demonstrating that Plaintiffs will be unable to prove product identification. Under controlling Supreme Court precedent, that will only be possible for EIDP to do after Plaintiffs have completed their merits discovery on product identification.

**II.** Even if this Court were to concluding that, somehow, EIDP has met its burden as summary judgment movant, in the interests of fairness, because Plaintiffs voluntarily curtailed their initial discovery based on this Court's direction that class certification should be the focus of the first stage of discovery, this Court should, pursuant to Fed. R. Civ. P. 56(d), defer consideration of EIPD's motion until Plaintiffs have had the opportunity to complete their discovery efforts related to product identification.

## ARGUMENT

**I.  EIDP Has Not Met Its Burden to Show That Plaintiffs, After Completing Merits Discovery, Will Be Unable to Prove Product Identification**

More than half a century ago, the U.S. Supreme Court held that to meet its "burden of showing the absence of a genuine issue," a summary judgment movant must "foreclose the possibility" of the opponent proving the "critical element" at issue. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-58 (1970). In *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the Court observed that a summary judgment movant can meet this burden in either of two ways—neither of which EIDP has done.

First, the movant can submit "affidavits or other similar materials *negating* the opponent's claim." *Id*. at 323 (emphasis in the original). For example, in this litigation EIDP could have sought to meet its burden to show that it will be impossible for Plaintiffs to prove that they were exposed to any product manufactured by EIDP by submitting an affidavit from a qualified expert who had reviewed EIDP records concerning all PFAS-containing products ever sold into its product distribution chain that could possibly have reached Procino or Peninsula (either directly, or through third-party distributors selling to their area), and that no such product usable by Procino or Peninsula was sold. Assuming that such expert testimony met admissibility standards, it would

8

have satisfied EIDP's moving burden. But of course, EIDP has submitted no such evidence as its chosen means to meet its Rule 56(c) burden.

Second, *Celotex* recognized that as an alternative, "the burden on the moving party may be discharged by 'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *Id*. at 315. For example, in *Celotex* the critical factual issue was whether plaintiff's decedent had ever been exposed to Celotex's asbestos products. Rather than try to prove a negative, Celotex sought to meet its Rule 56(c) burden by showing that plaintiff "had failed to identify, in answering interrogatories specifically requesting such information, any witnesses who could testify" to exposure. *Id*. at 320.[5] Celotex did not dispute that *if* the plaintiff had "named a witness to support her claim, summary judgment should not be granted without Celotex somehow showing that the named witness' possible testimony raises no genuine issue of material fact." *Id*. at 328 (White, J., concurring).

This feature of summary judgment practice is now reflected in the requirement reflected in the current wording of Rule 56(b)(1)(B), that, in relevant part, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . showing . . . that an adverse party cannot produce admissible evidence to support the fact."

Suppose EIDP had elected this means of meeting its burden. To do that, EIDP would wait until Plaintiffs had completed discovery into EIDP's product distribution chain (during the six months following a decision on class certification, as contemplated in Section 14 of the Scheduling

---

[5] This two-track aspect of *Celotex*, under which a summary judgment movant may meet its burden either by previewing the non-movant's case (as in *Celotex* itself), or by previewing its own case (as in *Adickes*), is reflected in the revised wording of Rule 56(c) promulgated in 2010 as part of the Style Project of the United States Judicial Conference Advisory Committee on the Federal Rules of Civil Procedure (*see generally* Edward H. Cooper, *Revising Civil Rule 56: Judge Mark R. Kravitz and the Rules Enabling Act*, 18 Lewis & Clark L. Rev. 591 (2014) ). Revised Rule 56(c)(1) provides in most pertinent part: "A party asserting that a fact cannot be . . . genuinely disputed must support the assertion by: (A) citing to particular parts of material in the record . . .; or (B) showing . . . that an adverse party cannot produce admissible evidence to support the fact."

9

Order), analyzing all means by which products containing PFOA *could* have made their way from EIDP to Procino or Peninsula, and Plaintiffs' expert would then have set forth the evidence of product identification. EIDP would then have deposed the expert, after which, if dissatisfied, it would have filed a *Daubert* motion seeking to have the testimony ruled inadmissible. Success on that motion would have required EIDP's dismissal from the case. (Although, as a matter of practicality, if Plaintiffs ultimately were to uncover no substantial evidence supporting product identification, they would simply agree to dismiss EIDP as a defendant.)

But of course, EIDP has done none of this – nothing like what Celotex did which was found sufficient to meet the burden of a summary judgment movant. And, of course, it would be premature for EIDP to even try, given that discovery to date has focused on class certification issues, and EIDP has refused to answer discovery requests exploring its product distribution chain, or even providing a full list of PFAS-containing products sold to Atotech and MacDermid on the basis that such discovery is not pertinent to class certification.

## II. Even If EIDP Somehow Met Its Burden As Summary Judgement Movant, This Court Should Defer Resolution of The Motion Until Merits Discovery is Completed Under Rule 56(d)

Rule 56(d), of course, presents an independent reason for denying, or at least deferring, EIDP's motion for summary judgment. Plaintiffs, in voluntarily cutting back on their product identification discovery efforts at the class certification stage, after EIDP and other Defendants objected to the breadth of discovery sought during this preliminary discovery stage, obviously relied heavily on this Court's Scheduling Order providing for a six-month period of discovery related to the merits stage after the ruling on class certification. It would therefore be unfair to entertain EIDP's motion, asserting that Plaintiffs will be unable to prove product identification, prior to Plaintiffs having an opportunity to complete their discovery on this topic. It is well

established that when a defendant prematurely files a summary judgment motion asserting that the plaintiff will not be able to prove a fact, as to which discovery is ongoing, the plaintiff should be allowed, as a matter of course, to complete discovery before the motion is resolved. *See, e.g.*, *Doe v. Abington Friends School*, 480 F.3d 252, 257-58 (3d Cir. 2007) (citing then-Rule 56(f), now renumbered Rule 56(d)). *See also Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015) ("If discovery is incomplete a district court is rarely justified in granting summary judgment, unless the discovery request pertains to facts that are not material to the moving party's entitlement to judgment as a matter of law.")

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant EIDP's Motion for Summary Judgement or, in the alternative, defer decision of the motion until the completion of merits discovery after resolution of the motion for class certification, as contemplated by the Court's October 2023, Scheduling Order.

Dated: September 4, 2024,

*Of Counsel:*

Paul J. Napoli, Esq.
   *(Admitted Pro Hac Vice)*
Coral M. Odiot Rivera, Esq.
   *(Admitted Pro Hac Vice)*
Veronica Vazquez Santiago, Esq.
   *(Admitted Pro Hac Vice)*
Gabriel Vazquez, Esq.
   *(Admitted Pro Hac Vice)*
**NS PR LAW SERVICES LLC**
1302 Avenida Ponce de León
San Juan PR  00907-3982
Tel. (833) 271-4502
pnapoli@nsprlaw.com
codiot@nsprlaw.com
vvazquez@nsprlaw.com

Respectfully submitted,

 */s/ Thomas C. Crumplar*
Thomas C. Crumplar (DE # 0942)
**JACOBS & CRUMPLAR, P.A.**
10 Corporate Circle
Suite 301
New Castle DE  19720-2418
Tel. (302) 656-5445
tom@jcdelaw.com

*Counsel for Plaintiffs*

11