# Exhibit 3

| | |
|---|---|
| **From:** | Gabriel Vazquez |
| **Sent:** | Wednesday, July 17, 2024 4:37 PM |
| **To:** | Donald, J. Wylie |
| **Cc:** | Coral Odiot; Veronica Vazquez; Schlier, David; Roger Jones; Thomas Crumplar |
| **Subject:** | RE: BANKS, et al. v. EIDP, INC., et al. (1:19-cv-01672-JLH)  - Meet & Confer |
| **Attachments:** | 20240717 - Narrowed set of RFPs to EIPD Inc.pdf; 20240717 - Narrowed set of ROGs to EIDP Inc.pdf |

Donald, in advance of tomorrow's M&C, attached is the narrowed set of interrogatory and request for production of documents for class action certification discovery purposes only, as per ordered by Judge Fallon on the 7/9 hearing.

Cordially,

**From:** Donald, J. Wylie <JDonald@McCarter.com>
**Sent:** Wednesday, July 17, 2024 3:17 PM
**To:** Gabriel Vazquez <GVazquez@NSPRLaw.com>
**Cc:** Coral Odiot <CODiot@nsprlaw.com>; Veronica Vazquez <VVazquez@NSPRLaw.com>; Schlier, David <dschlier@mccarter.com>; Roger Jones <RJones@NapoliLaw.com>; Thomas Crumplar <tom@jcdelaw.com>; Donald, J. Wylie <JDonald@McCarter.com>
**Subject:** RE: BANKS, et al. v. EIDP, INC., et al. (1:19-cv-01672-JLH) - Meet & Confer

Good. Talk to you tomorrow at 11 am ET.

**From:** Gabriel Vazquez <GVazquez@NSPRLaw.com>
**Sent:** Wednesday, July 17, 2024 3:16 PM
**To:** Donald, J. Wylie <JDonald@McCarter.com>
**Cc:** Coral Odiot <CODiot@nsprlaw.com>; Veronica Vazquez <VVazquez@NSPRLaw.com>; Schlier, David <dschlier@mccarter.com>; Roger Jones <RJones@NapoliLaw.com>; Thomas Crumplar <tom@jcdelaw.com>
**Subject:** RE: BANKS, et al. v. EIDP, INC., et al. (1:19-cv-01672-JLH) - Meet & Confer

**EXTERNAL EMAIL | STOP | VERIFY | REPORT**

Yes on my part.

**From:** Donald, J. Wylie <JDonald@McCarter.com>
**Sent:** Wednesday, July 17, 2024 3:11 PM
**To:** Gabriel Vazquez <GVazquez@NSPRLaw.com>
**Cc:** Coral Odiot <CODiot@nsprlaw.com>; Veronica Vazquez <VVazquez@NSPRLaw.com>; Schlier, David <dschlier@mccarter.com>; Roger Jones <RJones@NapoliLaw.com>; Donald, J. Wylie <JDonald@McCarter.com>
**Subject:** RE: BANKS, et al. v. EIDP, INC., et al. (1:19-cv-01672-JLH) - Meet & Confer

Gabriel, is this confirmed?

**From:** Donald, J. Wylie <JDonald@McCarter.com>
**Sent:** Monday, July 15, 2024 3:13 PM
**To:** 'Gabriel Vazquez' <GVazquez@NSPRLaw.com>
**Cc:** Coral Odiot <CODiot@nsprlaw.com>; Veronica Vazquez <VVazquez@NSPRLaw.com>; Schlier, David <dschlier@mccarter.com>; Roger Jones <RJones@NapoliLaw.com>; Donald, J. Wylie <JDonald@McCarter.com>
**Subject:** RE: BANKS, et al. v. EIDP, INC., et al. (1:19-cv-01672-JLH) - Meet & Confer

Gabriel, nice to meet you and welcome aboard. As you know, we met-and-conferred with your colleague, Ms. Vazquez, back on May 9, and again on June 28, and again discussed the subject with your colleagues, Mr. Croner and Mr. Crumplar, after the conference last Tuesday, July 9. I look forward to further discussions this Thursday, July 18 at 11 am.

Additionally, please remove Mr. Ferguson from your email string; he has not worked on this case in some time.

Wylie



**J. Wylie Donald | Partner**
McCarter & English, LLP
1301 K Street, NW, Suite 1000 West | Washington DC, 20005

jdonald@mccarter.com | www.mccarter.com | V-Card
T 202.753.3352 M 973.752.1574

Boston | East Brunswick | Hartford | Indianapolis | Miami | Newark | New York
Philadelphia | Stamford | Trenton | Washington, DC | Wilmington

---

**From:** Gabriel Vazquez <GVazquez@NSPRLaw.com>
**Sent:** Monday, July 15, 2024 2:08 PM
**To:** Schlier, David <dschlier@mccarter.com>; Ferguson, Travis <tferguson@mccarter.com>; Donald, J. Wylie <JDonald@McCarter.com>
**Cc:** Coral Odiot <COdiot@nsprlaw.com>; Veronica Vazquez <VVazquez@NSPRLaw.com>; Roger Jones <RJones@NapoliLaw.com>
**Subject:** BANKS, et al. v. EIDP, INC., et al. (1:19-cv-01672-JLH) - Meet & Confer

**<span style="color:red">EXTERNAL EMAIL | STOP | VERIFY | REPORT</span>**

---

Good afternoon counsels. As the newly appointed NSPR LAW attorney on the case, I've been assigned to meet and confer with you in relation to the discovery request pending, as per ordered on the July 9th hearing. We are available tomorrow between 9-10am, or at 4pm; Wednesday and Thursday at any time. Thank you.

Cordially,

**Gabriel Vazquez**
**Associate**



(787) 493-5088 | GVazquez@NSPRLaw.com
1302 Avenida Ponce de León, Santurce, Puerto Rico 00907

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**Gabriel Vazquez**
**Associate**



(787) 493-5088 | GVazquez@NSPRLaw.com
1302 Avenida Ponce de León, Santurce, Puerto Rico 00907

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information

intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege.

This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**E-Mail Attachment # 1**

**20240717 - Narrowed set of RFPs to EIPD Inc.pdf**

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| |
|---|
| **DORIS BANKS,** *et al.*, |
| Plaintiffs, |
| *v.* |
| **EIDP, INC.,** *et al.*, |
| Defendants. |

**C.A. NO. 1:19-CV-01672-JLH-SRF**

**JURY TRIAL DEMANDED**

**PLAINTIFFS' NARROWED SET OF REQUESTS FOR PRODUCTION**
**DIRECTED TO DEFENDANT, EIDP, INC.**

*PLEASE TAKE NOTICE* that, pursuant to Magistrate Judge Fallon's order given at the July 9, 2024 hearing, and in advance of tomorrow's Meet and Confer, Plaintiffs present the following narrowed discovery request directed at ascertaining the information sought to obtain class certification.

**INSTRUCTIONS**

1.      Please produce all of the specified DOCUMENTS and ELECTRONIC RECORDS which are in YOUR possession, or available to YOU, or to which YOU may gain access through reasonable effort, including information in the possession of YOUR past and present attorneys, accountants, investigators, consultants, or other persons directly or indirectly employed or retained by YOU, or connection with YOU, or anyone else otherwise subject to YOUR control who maintains records on YOUR behalf, in YOUR name or otherwise under YOUR control.

2.      Any comments, notations or markings appearing on any DOCUMENTS or ELECTRONIC RECORDS, and not a part of the original, are considered a separate DOCUMENT or ELECTRONIC RECORD, and any draft, preliminary form or superseded version of any DOCUMENT is also considered a separate DOCUMENT or ELECTRONIC RECORD.

3.      All documents and electronic records requested herein should be produced in the same order as they are kept, or maintained, or stored, in the regular course of business, and as directed by the STIPULATED JOINT PROTOCOL GOVERNING DISCOVERY OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION.

4.      All DOCUMENTS requested herein should be produced in the file, folder, envelope, or other container in which the DOCUMENTS are kept or maintained. This includes email folder structure maintained by original custodian. If for any reason the container cannot be produced, please produce copies of all labels or other identifying markings.

5.      Any DOCUMENT attached to another DOCUMENT must not be separated.

6.      In the event that any DOCUMENT or ELECTRONIC RECORD called for by these requests has been destroyed, lost discarded, otherwise disposed of, or is otherwise unavailable, such DOCUMENT or ELECTRONIC RECORD is to be identified as completely as possible, including, without limitation, the following information: date of disposal; manner of disposal; reason for disposal; person authorizing the disposal; and person disposing of the DOCUMENT or ELECTRONIC RECORD.

7.      Whenever possible, the singular form of a word shall be interpreted in the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary, to bring within the scope of these request any DOCUMENTS that might otherwise be considered outside their purview; and words imparting the masculine shall include the feminine and vice versa.

8.      If an objection is made to part or all of any request, the part should be specified together with the reasons for the objection. If a claim of privilege is asserted with respect to part or all of any DOCUMENT on the grounds of attorney-client privilege, the attorney work product

doctrine, or any other basis, describe the DOCUMENT with sufficient particularity to make it susceptible to identification by separately stating the following with respect any such DOCUMENT: (1) the type of DOCUMENT; (2) its date; (3) the name, address, and position of its author(s); (4) the name, address, and position of each recipient of the DOCUMENT; (5) a general description of the subject matter of the DOCUMENT; (6) the length in pages of the document; (7) the basis of any claim of privilege; and (8) if work product immunity is asserted, the proceeding for which the DOCUMENT was prepared.

9.      Any requested DOCUMENT(S) that YOU object to furnishing but which nonetheless contains non-objectionable information that is responsive to any Request must be produced, but that portion of the DOCUMENT(S) for which the objection is asserted may be withheld provided that it is clearly marked as redacted, that the above requested identification is furnished, and the objection is valid.

10.     Each DOCUMENT requested herein must be produced in its entirety and without deletions or excisions (except as qualified by the Instruction in 9, above), regardless of whether YOU consider the entire DOCUMENT to be relevant or responsive to these Requests.

11.     Where the term "identify" or "identifying" is used herein, it refers to a DOCUMENT or other item of physical evidence calls for the following information: description of the DOCUMENT or item of physical evidence with sufficient specificity to enable the party propounding these Interrogatories to identify such DOCUMENT or item of physical evidence in a motion to compel its production or availability for inspection.

12.     Unless otherwise specified, these Requests are limited to the time period from 1950 to and including the date of service of these Requests.

## **DEFINITIONS**

1.     As used herein, the term **"PERSON(S)"** refers to any natural person, firm, agency, organization, association, partnership, joint venture, corporation, public entity, or any other kind of business, legal or governmental entity or association.

2.     As used herein, the term **"DOCUMENT(S)"** shall have the broadest meaning possible and shall mean all documents, electronically stored information, and tangible things discoverable under Rule 34 of the Delaware Superior Court Rules of Civil Procedure, including without limitation: all writings and all other means of recording information, whether written, transcribed, taped, filmed, microfilmed, or in any other way produced, reproduced, or recorded, and including but not limited to originals (or identical duplicates when originals are not available), drafts, computer-stored and computer-retrievable information, copies and duplicates that are marked with any notation or annotation or otherwise differ in any way from the original, correspondence, memoranda, reports, notes, minutes, contracts, agreements, leases, subleases, lease assignments, amendments, books records, checks, vouchers, permits, invoices, purchase orders, hazardous waste manifests, timesheets, bills of lading, receipts, ledgers, diaries, logs, calendars, computer printouts, computer disks, card files, lists of persons attending meetings or conferences, site plans, floor plans, blueprints, equipment lists, maps, diagrams, drawings, photographs, videographs, sketches, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements, requisitions, manuals or guidelines, audit work papers, financial analyses, tables of organizations, charts, graphs, indices, advertisements and promotional materials, audited and unaudited financial statements, trade letters, trade publications, newspapers and newsletters emails, electronic or mechanical records, facsimiles, telegrams and telecopiers, and audiotapes. Each draft, annotated, or otherwise non-identical copy is a separate

DOCUMENT within the meaning of this term. DOCUMENTS shall also include any removable sticky notes, flags, or other attachments affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or containing any documents. DOCUMENTS expressly include all ELECTRONIC RECORDS.

      3.      As used herein, the term **"ELECTRONIC RECORDS"** shall mean the original (or identical forensically unchanged duplicate when the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. ELECTRONIC RECORDS include but are not limited to computer programs (whether private, commercial, or work-in-progress), programming notes and instructions, activity listings of email transmittals and receipts, output resulting from the use of any software program (including word processing documents, spreadsheets, slide presentations, database files, charts, graphs and outlines), electronic mail, and any and all miscellaneous files and file fragments, regardless of the media on which they reside and regardless of whether said ELECTRONIC RECORDS exist in an active file, deleted file, or file fragment. ELECTRONIC RECORDS include without limitation any and all items stored on computer memories, hard disks, diskettes and cartridges, network drives, network memory storage, archived tapes and cartridges, backup tapes, floppy disks, CD-ROMs, removable media, magnetic tapes of all types, microfiche, and any other media used for electronic data storage or transmittal. ELECTRONIC RECORDS also include the file, folder tabs, and containers and labels appended to or associated with each original and non-identical copy.

      4.      As used herein, the term **"COMMUNICATION(S)"** refers to any act, action, oral speech, written correspondence, contact, expression of words, thoughts, ideas, transmission or

exchange of data or other information to another person, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, email, facsimile, text message, instant message, recorded message or any other process—electronic, computer, or otherwise. All such communications in writing shall include, without limitation, printed, typewritten, handwritten, electronic, or other DOCUMENT(S).

5.    As used herein, the phrase **"INTERNAL COMMUNICATION(S)"** means COMMUNICATIONS between or among officers, agents, affiliates, and/or employees of Defendant.

6.    As used herein, the terms **"RELATING TO" or "CONCERNING"** shall include within their meaning "containing," "alluding to," "responding to," "commenting upon," "discussing," "explaining," "mentioning," "analyzing," "constituting," "memorializing," "compromising," "reporting," "incorporating," "confirming," "listing," "evidencing," "setting forth," "summarizing," or "characterizing," either directly or indirectly, in whole or in part.

7.    As used herein, the term **"PLAINTIFFS"** refers to any and all named Plaintiffs in the above-captioned action, any and all members of the class that are similar situated to the named Plaintiffs, and includes all PERSONS acting or purporting to act at the direction of or on behalf of the named Plaintiffs.

8.    As used herein, the terms "EIDP", "DUPONT", "THE CHEMOURS COMPANY", "CHEMOURS CO.", "YOU," "YOUR," and "DEFENDANT" refers to Defendant EIDP, Inc., DuPont, the Chemours Company, and the Chemours Co. and includes all past and present officers, directors, employees, predecessors, successors, affiliates, agents, servants, and representatives, and all other PERSONS acting or purporting to act at the direction of or on behalf of Defendant EIDP, Inc.

9.      **"ADVERSE EFFECT(S)"** means any possible or actual effect, impact, alteration, and/or change that causes or results in an impact that is harmful or negative.

10.     **"PERFLUORINATED MATERIALS," "PFC,"** or **"PFCs"** refers to C4 through C-16, FC-143, PFHS, FOSA, PFPeA, PFHxA, PFDS, PFHpA, PFNA, PFDA, PFUnA, PFDoA, PFTA, PFBS, PFHxS, PFOS and its homologs (F(CF2)ySO3) and PFOA and its homologs (F(CF2)yCO2), along with PFCs that are contained in any of these compounds, PFCs that are used in the manufacture of any product, PFCs that are produced as byproducts of any process, and PFCs that result from the degradation of any of these compounds.

11.     **"PFAS"** refers to all per- and polyfluoroalkyl substances, including without limitation PFOA and PFOS and any compound that contains or breaks down into PFOA or PFOS.

12.     **"PFOA"** refers to perfluorooctanoic acid and any compound that contains or breaks down into PFOA.

13.     **"PFOS"** refers to perfluorooctanesulfonic acid/ perfluorooctane sulfonate and any compound that contains or breaks down into PFOS.

14.     **"PFOA/PFOS-CONTAINING PRODUCTS" "PFOA/PFOS PRODUCTS", "PFC PRODUCT", "PFAS PRODUCT"** means any product containing PFOA and/or PFOS or any compound that contains or breaks down into PFOA or PFOS, including any product that forms a component part of or that is subsequently incorporated into another product.

15.     As used herein, the term **"SALE", "SELL"** or **"SOLD"** means the transfer of title, exchange pursuant to an agreement, distribution, marketing or sale of PFOA and/or PFOS at both wholesale and retail level.

16.     **"MANUFACTURING DEFENDANTS"** means any current or former defendant in this class action that currently or formerly produced or manufactured PFC, PFOA, PFOS,

including but not limited to 3M Company, EIDP, Inc. f/k/a E.I. Du Pont De Nemours and Company, The Chemours Company, and their predecessors, subsidiaries, or parent companies.

17.     As used herein, the term **"THE GOVERNMENT"** or **"GOVERNMENT"** means any branch of the United States military; any agency, department, authority, board, or bureau of the United States; and/or any officer, director, or employee of any such U.S. governmental entity.

18.     **"USEPA", "EPA"** means the United States Environmental protection agency and/or any officer, director, or employee of such entity.

19.     **"DPH"** means the Delaware Division of Public Health and/or any officer, director or employee of such entity.

20.     **"DNREC"** means the Delaware Department of National Research and Environmental Control and/or any officer, director or employee of such entity.

21.     As used herein, **"TOWN OF BLADES"** refers to the Town of Blades located in Sussex County Delaware 19973.

22.     **"ENVIRONMENTAL EFFECT(S)"** means any possible or actual effect, impact, alteration, and/or change to any environmental resource, including but not limited to air, land (including recreational, transport, agricultural, residential, and/or commercial), soil, sediments, water (including surface water, groundwater, drinking water, and/or other aquatic bodies), and/or biota (including but not limited to plants and animals, including wildlife and aquatic organisms).

23.     **"HANDLE(D)" or "HANDLING"** shall mean to possess, store, use, operate, maintain, touch, place, move, or disturb in any manner.

24.     **"HUMAN HEALTH EFFECT(S)"** means any possible or actual effect, impact, alteration, change, ailment, sickness and/or disease relating to humans, including but not limited

to effects on human fetal development and the bioaccumulation and/or biopersistence of a
chemical compound in the human body.

25.    **"TOXICOLOGICAL EFFECT(S)"** means any possible or actual effect, impact,
change, and/or alteration (including but not limited to cellular, biochemical, and/or
macromolecular effects) relating to the toxicity, poisonousness, and/or harm of chemicals or
substances to living organisms.

26.    As used herein, the term **"SKU"** refers to a stock keeping unit or any other such
method that enables the identification, tracking, and movement of inventory.

## REQUESTS FOR PRODUCTION

1.    All DOCUMENTS reflecting the number of SALES of each PFOA/PFOS
CONTAING PRODUCTS SOLD by YOU to Atotech USA, LLC and McDermid and their
predecessors, subsidiaries, or parent companies.

2.    DOCUMENTS identifying the SKUs for PFOA/PFOS CONTAINING
PRODUCTS sold to McDermid Inc. and Atotech, USA LLC and their predecessors, subsidiaries,
or parent companies.

Dated: July 17, 2024

Respectfully submitted,

*Of Counsel:*

Paul J. Napoli, Esq.
    *(Admitted Pro Hac Vice)*
Coral M. Odiot Rivera, Esq.
    *(Admitted Pro Hac Vice)*
Veronica Vazquez Santiago, Esq.
    *(Admitted Pro Hac Vice)*
Gabriel M. Vazquez, Esq.
    *(Admitted Pro Hac Vice)*
**NS PR LAW SERVICES LLC**
1302 Avenida Ponce de León
San Juan PR  00907-3982
Tel. (833) 271-4502
pnapoli@nsprlaw.com
codiot@nsprlaw.com
vvazquez@nsprlaw.com
gvazquez@nsprlaw.com

*/s/ Thomas C. Crumplar*
Thomas C. Crumplar (DE # 0942)
David T. Crumplar (DE # 5876)
Patrick C. Gallagher (DE # 5170)
**JACOBS & CRUMPLAR, P.A.**
10 Corporate Circle
Suite 301
New Castle DE  19720-2418
Tel. (302) 656-5445
tom@jcdelaw
davy@jcdelaw.com
pat@jcdelaw.com

***Counsel for Plaintiffs***

**E-Mail Attachment # 2**

**20240717 - Narrowed set of ROGs to EIDP Inc.pdf**

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| |
|---|
| **DORIS BANKS, *et al.*,** |
| Plaintiffs, |
| ***v.*** |
| **EIDP, INC., *et al.*,** |
| Defendants. |

**C.A. No. 1:19-cv-01672-JLH-SRF**

**JURY TRIAL DEMANDED**

**PLAINTIFFS' NARROWED SET OF INTERROGATORIES**
**DIRECTED TO DEFENDANT, EIDP, INC.**

***PLEASE TAKE NOTICE*** that, pursuant to Magistrate Judge Fallon's order given at the July 9, 2024 hearing, and in advance of tomorrow's Meet and Confer, Plaintiffs present the following narrowed discovery request directed at ascertaining the information sought to obtain class certification.

**INSTRUCTIONS**

1.     These Interrogatories cover all information known to or available to Defendant and its agents or attorneys, and all information in documents in its actual or constructive possession, custody, or control, whether prepared by it or any other persons.

2.     All verbs used herein shall be construed to include all tenses.

3.     The singular shall include the plural and vice versa, and the conjunctive shall include the disjunctive and vice versa, in order to give these interrogatories their broadest scope.

4.     With respect to each document required to be identified by these Interrogatories to which a claim of privilege is asserted, separately state the following:

    a.   The type of document (e.g., letter, memorandum, note, etc.);

    b.   Its date;

    c.   The name, business address and present position of its author(s);

    d.   The position of its author(s) at the time the document was prepared;

    e.   The name, business address and present position of its addressee(s) and all other recipients of the document

    f.   The position of its addressee(s) and all other recipients at the time the document was prepared and at the time it was received;

    g.   A general description of the subject of the document;

    h.   The basis of the claim of privilege; *and*

    i.   If the basis for the claim of privilege is the work product doctrine, identify the proceeding for which the document was prepared.

5.      Where the term "**describe**" is used in the interrogatories below, this term includes a request for a complete description and explanation of the facts, circumstances, and analysis, opinion and other information CONCERNING the subject matter of a specific interrogatory.

6.      Where the term **"identify"** is used in the interrogatories below, this term includes a request for a complete description and explanation of the facts, circumstances, analysis, opinion and other information CONCERNING the subject matter of a specific interrogatory and also includes a request for the following information, to the extent known:

    a.   with respect to a person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

    b.   with respect to a natural person, his or her name, business address and telephone number, employer, and title or position; *and*

    c.   with respect to a DOCUMENT or other item of physical evidence, a description of the DOCUMENT or item of physical evidence with sufficient specificity to enable the party propounding these Interrogatories to identify such DOCUMENT or item of physical evidence in a motion to compel its production or availability for inspection.

7.     With respect to any non-documentary information or communications required to be identified or described by these Interrogatories as to which a claim of privilege is asserted, separately state the following:

    a.  The basis of the claim of privilege;

    b.  A general description of the subject of the information or communication;

    c.  The identities of all persons with knowledge of the information or communication;

    d.  The date of the communication;

    e.  The identities of all persons present when the communication took place;  *and*

    f.  The type of communication (e.g. face-to-face conversation, telephone conversation) and the location of each party to the communication at the time it took place.

8.     Unless otherwise specified, these interrogatories are limited to the time period from 1950 to the present, and including the date of service of these interrogatories.

## <u>DEFINITIONS</u>

1.     As used herein, the term **"PERSON(S)"** refers to any natural person, firm, agency, organization, association, partnership, joint venture, corporation, public entity, or any other kind of business, legal or governmental entity or association.

2.     As used herein, the term **"DOCUMENT(S)"** shall have the broadest meaning possible and shall mean all documents, electronically stored information, and tangible things discoverable under Rule 34 of the Delaware Superior Court Rules of Civil Procedure, including without limitation: all writings and all other means of recording information, whether written, transcribed, taped, filmed, microfilmed, or in any other way produced, reproduced, or recorded, and including but not limited to originals (or identical duplicates when originals are not available), drafts, computer-stored and computer-retrievable information, copies and duplicates that are marked with any notation or annotation or otherwise differ in any way from the original,

correspondence, memoranda, reports, notes, minutes, contracts, agreements, leases, subleases, lease assignments, amendments, books records, checks, vouchers, permits, invoices, purchase orders, hazardous waste manifests, timesheets, bills of lading, receipts, ledgers, diaries, logs, calendars, computer printouts, computer disks, card files, lists of persons attending meetings or conferences, site plans, floor plans, blueprints, equipment lists, maps, diagrams, drawings, photographs, videographs, sketches, calculations, evaluations, analyses, directions, work papers, press clippings, sworn or unsworn statements, requisitions, manuals or guidelines, audit work papers, financial analyses, tables of organizations, charts, graphs, indices, advertisements and promotional materials, audited and unaudited financial statements, trade letters, trade publications, newspapers and newsletters emails, electronic or mechanical records, facsimiles, telegrams and telecopiers, and audiotapes. Each draft, annotated, or otherwise non-identical copy is a separate DOCUMENT within the meaning of this term. DOCUMENTS shall also include any removable sticky notes, flags, or other attachments affixed to any of the foregoing, as well as the files, folder tabs, and labels appended to or containing any documents. DOCUMENTS expressly include all ELECTRONIC RECORDS.

3.      As used herein, the term **"COMMUNICATION(S)"** refers to any act, action, oral speech, written correspondence, contact, expression of words, thoughts, ideas, transmission or exchange of data or other information to another person, whether orally, person-to-person, in a group, by telephone, letter, personal delivery, telex, email, facsimile, text message, instant message, recorded message or any other process—electronic, computer, or otherwise. All such communications in writing shall include, without limitation, printed, typewritten, handwritten, electronic, or other DOCUMENT(S).

4.    **"DISTRIBUTING DEFENDANTS"** means any current or former defendant in this class action that currently or formerly distributed PFC, PFOA, PFOS, including but not limited to Atotech USA, LLC, McDermid, and their predecessors, subsidiaries, or parent companies.

5.    As used herein, the phrase **"INTERNAL COMMUNICATION(S)"** means COMMUNICATIONS between or among officers, agents, affiliates, and/or employees of Defendant.

6.    As used herein, the terms **"RELATING TO" or "CONCERNING"** shall include within their meaning "containing," "alluding to," "responding to," "commenting upon," "discussing," "explaining," "mentioning," "analyzing," "constituting," "memorializing," "compromising," "reporting," "incorporating," "confirming," "listing," "evidencing," "setting forth," "summarizing," or "characterizing," either directly or indirectly, in whole or in part.

7.    As used herein, the term **"PLAINTIFFS"** refers to any and all named Plaintiffs in the above-captioned action, any and all members of the class that are similar situated to the named Plaintiffs, and includes all PERSONS acting or purporting to act at the direction of or on behalf of the named Plaintiffs.

8.    As used herein, the terms **"EIDP", "DuPONT", "THE CHEMOURS COMPANY", "CHEMOURS CO.", "YOU," "YOUR,"** and **"DEFENDANT"** refers to Defendant EIDP, Inc., DuPont, the Chemours Company, and the Chemours Co. and includes all past and present officers, directors, employees, predecessors, successors, affiliates, agents, servants, and representatives, and all other PERSONS acting or purporting to act at the direction of or on behalf of Defendant EIDP, Inc.

9.    **"ADVERSE EFFECT(S)"** means any possible or actual effect, impact, alteration, and/or change that causes or results in an impact that is harmful or negative.

10. **"PERFLUORINATED MATERIALS," "PFC,"** or **"PFCs"** refers to C4 through C-16, FC-143, PFHS, FOSA, PFPeA, PFHxA, PFDS, PFHpA, PFNA, PFDA, PFUnA, PFDoA, PFTA, PFBS, PFHxS, PFOS and its homologs (F(CF2)ySO3) and PFOA and its homologs (F(CF2)yCO2), along with PFCs that are contained in any of these compounds, PFCs that are used in the manufacture of any product, PFCs that are produced as byproducts of any process, and PFCs that result from the degradation of any of these compounds.

11. **"PFAS"** refers to all per- and polyfluoroalkyl substances, including without limitation PFOA and PFOS and any compound that contains or breaks down into PFOA or PFOS.

12. **"PFOA"** refers to perfluorooctanoic acid and any compound that contains or breaks down into PFOA.

13. **"PFOS"** refers to perfluorooctanesulfonic acid/ perfluorooctane sulfonate and any compound that contains or breaks down into PFOS.

14. **"PFOA/PFOS-CONTAINING PRODUCTS", "PFOA/PFOS PRODUCTS", "PFC PRODUCT", "PFAS PRODUCT"** means any product containing PFOA and/or PFOS or any compound that contains or breaks down into PFOA or PFOS, including any product that forms a component part of or that is subsequently incorporated into another product.

15. As used herein, the term **"SALE", "SELL"** or **"SOLD"** means the transfer of title, exchange pursuant to an agreement, distribution, marketing or sale of PFOA and/or PFOS at both wholesale and retail level.

16. **"MANUFACTURING DEFENDANTS"** means any current or former defendant in this class action that currently or formerly produced or manufactured PFC, PFOA, PFOS, including but not limited to 3M Company, EIDP, Inc. f/k/a E.I. Du Pont De Nemours and Company, The Chemours Company, and their predecessors, subsidiaries, or parent companies.

17.    As used herein, the term **"THE GOVERNMENT"** or **"GOVERNMENT"** means any branch of the United States military; any agency, department, authority, board, or bureau of the United States; and/or any officer, director, or employee of any such U.S. governmental entity.

18.    **"USEPA", "EPA"** means the United States Environmental protection agency and/or any officer, director, or employee of such entity.

19.    **"DPH"** means the Delaware Division of Public Health and/or any officer, director or employee of such entity.

20.    **"DNREC"** means the Delaware Department of National Research and Environmental Control and/or any officer, director or employee of such entity.

21.    As used herein, **"TOWN OF BLADES"** refers to the Town of Blades located in Sussex County Delaware 19973.

22.    **"ENVIRONMENTAL EFFECT(S)"** means any possible or actual effect, impact, alteration, and/or change to any environmental resource, including but not limited to air, land (including recreational, transport, agricultural, residential, and/or commercial), soil, sediments, water (including surface water, groundwater, drinking water, and/or other aquatic bodies), and/or biota (including but not limited to plants and animals, including wildlife and aquatic organisms).

23.    **"HANDLE(D)" or "HANDLING"** shall mean to possess, store, use, operate, maintain, touch, place, move, or disturb in any manner.

24.    **"HUMAN HEALTH EFFECT(S)"** means any possible or actual effect, impact, alteration, change, ailment, sickness and/or disease relating to humans, including but not limited to effects on human fetal development and the bioaccumulation and/or biopersistence of a chemical compound in the human body.

25.     **"TOXICOLOGICAL EFFECT(S)"** means any possible or actual effect, impact, change, and/or alteration (including but not limited to cellular, biochemical, and/or macromolecular effects) relating to the toxicity, poisonousness, and/or harm of chemicals or substances to living organisms.

## INTERROGATORIES

1.     Identify each PERSON who has supplied information used in answering these interrogatories and specify the interrogatories for which each PERSON is responsible.

2.     Identify all PFC, PFOA, PFOS-CONTAINING PRODUCTS YOU manufactured for SALE to the DISTRIBUTING DEFENDANTS and/or Peninsula Plating, Procino Enterprise and their predecessors, subsidiaries, or parent companies, stating for each: the trade name under which it was SOLD; the dates during which it was manufactured for SALE; and the percentage of each chemical component contained within said product.

3.     Identify when was each PFC, PFOA, PFOS CONTAINING PRODUCT distributed to the DISTRIBUTING DEFENDANTS and/or Peninsula Plating, Procino Enterprise and their predecessors, subsidiaries, or parent companies.

4.     Identify the distributor or distributors for YOUR PFOA/PFOS CONTAINING PRODUCTS that sold to the DISTRIBUTING DEFENDANTS and/or Peninsula Plating, Procino Enterprise and their predecessors, subsidiaries, or parent companies.

Dated: July 17, 2024

Respectfully submitted,

*Of Counsel:*

  Paul J. Napoli, Esq.
    *(Admitted Pro Hac Vice)*
  Coral M. Odiot Rivera, Esq.
    *(Admitted Pro Hac Vice)*
  Veronica Vazquez Santiago, Esq.
    *(Admitted Pro Hac Vice)*
  Gabriel M. Vazquez, Esq.
    *(Admitted Pro Hac Vice)*
**NS PR LAW SERVICES LLC**
1302 Avenida Ponce de León
San Juan PR  00907-3982
Tel. (833) 271-4502
pnapoli@nsprlaw.com
codiot@nsprlaw.com
vvazquez@nsprlaw.com
gvazquez@nsprlaw.com

 */s/ Thomas C. Crumplar*
Thomas C. Crumplar (DE # 0942)
David T. Crumplar (DE # 5876)
Patrick C. Gallagher (DE # 5170)
**JACOBS & CRUMPLAR, P.A.**
10 Corporate Circle
Suite 301
New Castle DE  19720-2418
Tel. (302) 656-5445
tom@jcdelaw
davy@jcdelaw.com
pat@jcdelaw.com

*Counsel for Plaintiffs*