IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CANDY CAPORALE, BRUCE DAVIS, GENE SULLENBERGER, and CHRISTINE WOOTTEN, for themselves and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> EIDP, INC., THE 3M COMPANY (f/k/a Minnesota Mining and Manufacturing, Co.), ATOTECH USA, LLC, MACDERMID, INC., PROCINO PLATING, INC., a/k/a PROCINO ENTERPRISES, a/k/a PROCINO, and BLADES DEVELOPMENT LLC, <br><br> Defendants. | Civil Action No. 19-1672-JLH-SRF |

## REPORT AND RECOMMENDATION

Presently before the court in this putative class action are the following motions: (1) the motion of defendant EIDP, Inc. ("EIDP") for summary judgment under Federal Rule of Civil Procedure 56 (D.I. 346);[1] (2) defendant MacDermid, Inc.'s ("MacDermid") motion for summary judgment under Rule 56 (D.I. 384);[2] and (3) defendant The 3M Company's ("3M") joinder to the motions for summary judgment of EIDP and MacDermid (D.I. 393).[3] For the following reasons, I recommend that the court GRANT the motions for summary judgment.

---

[1] The briefing and filings associated with EIDP's motion for summary judgment are found at D.I. 347, D.I. 348, D.I. 349, D.I. 358, D.I. 359, and D.I. 360.
[2] The briefing and filings associated with MacDermid's motion for summary judgment are found at D.I. 386, D.I. 387, D.I. 388; D.I. 389; D.I. 407; and D.I. 384.
[3] The briefing and filings associated with 3M's joinder are found at D.I. 394; D.I. 408; D.I. 410; and D.I. 411.

I.  **BACKGROUND**

Plaintiffs Candy Caporale, Bruce Davis, Gene Sullenberger, Christine Wootten, and all others similarly situated ("Plaintiffs") contend that defendants 3M, EIDP, Atotech USA, LLC ("Atotech"), MacDermid, Procino Plating, Inc. ("Procino") and Blades Development LLC ("Blades Development;" collectively, "Defendants") caused the groundwater in Blades, Delaware to be contaminated with perfluorinated chemicals ("PFCs") which harmed Plaintiffs' health and property. (D.I. 160) The PFCs at issue in this case, perfluorooctane sulfonate ("PFOS") and perfluorooctanoic acid ("PFOA;" collectively, "PFAS"), are used in the production of commercial and consumer nonstick cookware and in the hard chrome plating process. (*Id.* at ¶¶ 1, 4-5) PFOS and PFOA are human-made chemicals which are very stable and can remain in the environment for extended periods of time. (*Id.* at ¶¶ 23-29) Studies show an association between exposure to PFOS and PFOA and negative health consequences. (*Id.* at ¶¶ 30-32)

The Third Amended Complaint ("TAC") alleges that 3M and EIDP manufactured PFOS and PFOA despite knowing of the potential for groundwater contamination.[4] (*Id.* at ¶¶ 38-41, 47) 3M and EIDP purportedly sold these products to Atotech and MacDermid, which manufactured mist and fume suppressants, fluorosurfactants, wetting agents, and emulsifiers containing PFOA and PFOS. (*Id.* at ¶¶ 42-44) Those products were then sold to electroplating businesses run by Procino and Peninsula Plating ("Peninsula")[5] in Blades, Delaware. (*Id.* at ¶¶ 33, 45-46) PFAS were allegedly released from Procino and Peninsula's electroplating facilities,

---

[4] EIDP states that 3M is the only known manufacturer of PFOS, and Plaintiffs confirmed EIDP's discovery responses were properly limited to PFOA. (D.I. 347 at 6 n.1) Plaintiffs do not dispute these representations. (D.I. 358) 3M alleges that Atotech's Fumetrol 140 contains 5-10% PFOS sourced from Lanxess, which is not a party to this case. (D.I. 393 at 4 n.3)
[5] Peninsula was acquired by defendant Blades Development in 2007. (D.I. 160 at ¶¶ 19, 166)

2

resulting in contamination of the groundwater supply and injuries to Plaintiffs residing in Blades. (*Id.* at ¶¶ 162-70)

Plaintiffs originally brought their claims in the Delaware Superior Court on May 17, 2019. (D.I. 1, Ex. A) The case was removed to this court on September 6, 2019 under the Class Action Fairness Act, 28 U.S.C. § 1332(d). (*Id.*) After several rounds of Rule 12 motion practice, only Plaintiffs' cause of action for negligence against EIDP, MacDermid, and 3M survived. (D.I. 135 at 16-17; D.I. 173 at 7 n.2; D.I. 200; D.I. 202)

On October 11, 2023, the court entered a scheduling order stating that, "[t]hough this Order does not bifurcate discovery between 'class certification' and 'merits' discovery, the Parties shall focus discovery initially on those issues relevant to class certification subject to further orders of this Court following ruling on a motion for class certification[.]" (D.I. 218 at ¶ 7(a)) The scheduling order set a deadline of April 26, 2024 for class certification discovery and provided that "further merits discovery and expert deadlines, dispositive motion deadlines and a pretrial conference" would be established following a decision on class certification. (*Id.* at ¶¶ 7(b), 12) The deadline for class certification discovery was later extended to June 25, 2024. (D.I. 286)

Near the close of the class certification discovery period, the parties raised discovery disputes before the court. (D.I. 299; D.I. 300; D.I. 301; D.I. 309) On July 10, 2024, the court denied a further extension of the class certification discovery deadline. (D.I. 327 at 1-2) The court also denied without prejudice Plaintiffs' motion to compel EIDP to supplement its responses to written discovery requests on procedural grounds, noting that Plaintiffs failed to follow the court's discovery dispute procedures by attaching the requests and allegedly deficient responses as an exhibit to the moving submission. (*Id.* at 3-4; D.I. 345 at 7:2-8:1) The court also

emphasized prior rulings highlighting EIDP's obligation to produce discovery on its PFC-containing products to Plaintiffs: "The issue is the plaintiffs needing to get discovery so they can figure out more details about the PFC-containing products which Judge Hall explicitly said they needed. The benefit of discovery was necessary for them to do that." (D.I. 345 at 11:23-13:23)

Plaintiffs served narrowed discovery requests regarding product identification after the discovery dispute hearing in July of 2024. EIDP responded to the narrowed discovery requests by identifying several responsive EIDP formulations, while also maintaining its objections to the requests. (D.I. 349, Ex. 2 at 14-15; Ex. 3 at 13-14)

EIDP filed the pending motion for summary judgment on August 14, 2024 and requested oral argument on the pending motion in a letter to the court dated November 1, 2024. (D.I. 346; D.I. 371) On November 15, 2024, the case was referred to the undersigned judicial officer to hear and resolve all pre-trial matters up to the pretrial conference, including the pending motion for summary judgment. (D.I. 373) The court then granted the request for oral argument on EIDP's motion for summary judgment and scheduled the motion to be heard on January 21, 2025. (D.I. 374) The following month, MacDermid filed its own motion for summary judgment and 3M filed its joinder. Both MacDermid and 3M requested that their motions be added to the agenda for oral argument on January 21, 2025. (D.I. 384; D.I. 390; D.I. 393; D.I. 399)

The operative scheduling order provides that a deadline for case dispositive motions will be set after the court issues a decision on class certification and further merits discovery is taken. (D.I. 218 at ¶¶ 10, 12) It does not expressly prohibit the filing of an early motion for summary judgment. (*Id.*) The class certification motion will not be fully briefed until May 2, 2025. (D.I. 377 at 2-3)

4

## II. LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that could affect the outcome of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (citing *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir. 1989). The court must draw all reasonable inferences in favor of the nonmoving party without weighing the evidence or making credibility determinations. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007).

## III. DISCUSSION

### A. EIDP's Motion for Summary Judgment

EIDP contends that its motion for summary judgment should be granted because there is no evidence any EIDP chemical containing or potentially containing PFOA made its way directly or indirectly to Procino or Peninsula, resulting in harm to Plaintiffs. (D.I. 347 at 1) Plaintiffs respond that further discovery into EIDP's PFOA-containing products may enable

5

Plaintiffs to prove the presence of those products at Procino or Peninsula, and summary judgment is therefore premature under Rule 56(d). (D.I. 358 at 7, 10-11)

I recommend that the court grant EIDP's motion for summary judgment. Plaintiffs do not identify any discovery produced to date establishing a nexus between a PFOA-containing EIDP product and the facilities at Procino or Peninsula. In their opposition, Plaintiffs identify three disputed issues of fact: (1) whether EIDP's PFOA-containing products sold to Atotech and MacDermid subsequently reached Procino or Peninsula; (2) whether EIDP made other products containing PFOA that were sold to Atotech and MacDermid and subsequently reached Procino or Peninsula; and (3) whether EIDP sold products containing PFOA to third-party distributors who then sold those products to Procino or Peninsula. (D.I. 358 at 7) However, a review of Defendants' discovery responses confirms that Plaintiffs already sought and received discovery on these issues, and nothing in those discovery responses supports a connection between EIDP's PFOA-containing products and the facilities at Procino or Peninsula. EIDP disclosed that it made PFOA-containing products FS-10 and 1033D and sold those products to Atotech and MacDermid, but "[n]o transactions for metal-plating applications . . . containing or potentially containing PFOA were identified for Procino Enterprise and Peninsula Plating." (D.I. 349, Ex. 2 at 14) Discovery responses from Atotech and MacDermid further confirm that EIDP's FS-10 and 1033D products were not distributed to Peninsula or Procino. (*Id.*, Ex. 5 at 12-14; Ex. 7 at 6-8)

Plaintiffs suggest that EIDP "refused to answer discovery requests exploring its product distribution chain" and did not provide a full list of PFAS-containing products sold to Atotech and MacDermid. (D.I. 358 at 10) But in the months following EIDP's discovery responses served on July 29, 2024, Plaintiffs did not move to compel additional discovery or otherwise

6

identify deficiencies in EIDP's responses. Plaintiffs' failure to pursue further discovery from EIDP on topics relevant to product identification undercuts their position that additional discovery is likely to reveal a nexus between EIDP's PFAS-containing products and the Peninsula or Procino facilities.

Plaintiffs' failure to submit a declaration or affidavit under Rule 56(d) provides an independent basis to grant EIDP's motion for summary judgment. Rule 56(d) states that, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). An adequate affidavit or declaration must identify: (a) the particular information sought; (b) how that information would preclude summary judgment if disclosed; and (c) why the information was not previously obtained. *See Shelton v. Bledsoe*, 775 F.3d 554, 568 (3d Cir. 2015). Plaintiffs do not dispute that their opposition to EIDP's motion for summary judgment was not accompanied by a Rule 56(d) declaration or affidavit. "Summary judgment may . . . be granted if the Rule 56(d) declaration is inadequate." *Id.*

Plaintiffs also failed to address the substance of Rule 56(d) in their briefing or at oral argument. Plaintiffs have not clearly articulated what additional fact discovery is necessary to establish a product nexus or how that information discovery would preclude summary judgment in favor of EIDP. *See Hill v. Harry*, 2023 WL 6522400, at *6 (M.D. Pa. Oct. 5, 2023). At oral argument, Plaintiffs suggested that an expert forensic analysis is needed to compare groundwater samples to the proprietary chemical formulations produced by Defendants. (1/21/2025 Tr.) But Plaintiffs have not explained how this analysis might show that other discovery, such as sales

records and reports of environmental agencies, is inaccurate or incomplete. Instead, Plaintiffs rely on speculation to manufacture a disputed issue of fact. *See Carnes v. Crane Co.*, C.A. No. 19-128-MN-SRF, 2021 WL 431511, at *3 (D. Del. Feb. 8, 2021) (finding speculative expert opinion was insufficient to create a genuine issue of fact and preclude summary judgment).

During oral argument, Plaintiffs suggested that the requirement to submit an affidavit or declaration under Rule 56(d) is waived due to the language in the operative scheduling order regarding case dispositive motions. (1/21/2025 Tr.) Plaintiffs did not raise this argument in their answering brief, nor did they cite any authority to support their position at oral argument. The scheduling order permits "[a]dditional non-duplicative fact discovery, including depositions and written discovery . . . for a period of 6 months following a decision on class certification" and anticipates the filing of case dispositive motions after the court issues a decision on class certification and holds a status conference. (D.I. 218 at ¶¶ 10, 12, 14) However, there is no language expressly precluding the parties from moving for summary judgment at an earlier time. To the extent that EIDP should have sought leave to file an early motion for summary judgment, Plaintiffs' noncompliance with Rule 56(d) excuses EIDP's failure to do so.

### B. MacDermid's Motion for Summary Judgment

About four months after EIDP filed its motion for summary judgment, MacDermid followed suit, arguing that Plaintiffs had failed to establish a nexus between the contamination at Procino and Peninsula and MacDermid's products as a source of that contamination. (D.I. 386 at 10-13) MacDermid contends that the MacDermid products found at Procino do not contain PFAS, and its only PFAS-containing product, Barrett Snap-AM, was not found at Procino and was not identified in the reports issued by the Environmental Protection Agency ("EPA") or the Delaware Department of Natural Resources and Environmental Control ("DNREC"). (*Id.* at 11-

13) In response, Plaintiffs allege that they continue to investigate the chemical footprints of the PFAS found at Procino and Peninsula to associate those chemicals with specific manufacturers and distribution chains, and summary judgment should be deferred under Rule 56(d) because merits discovery is incomplete. (D.I. 407 at 8, 11-14)

I recommend that the court grant MacDermid's motion for summary judgment for the same reasons set forth at § III.A, *supra*. There is no evidence that Barrett Snap, the MacDermid product found at Procino, contains PFAS, and sales records produced to date do not disclose any sales of Barrett Snap-AM or other PFAS-containing products to Procino. (D.I. 388, Ex. 1 at ¶¶ 5-13; Ex. 4 at 23-25; Ex. 5 at 6-8; Ex. 7; Ex. 9 at 4-6; D.I. 356-1 at 22) Although Plaintiffs submit a declaration with their answering brief, it does not satisfy the Rule 56(d) requirements because it fails to specify "what particular information [ ] is sought; how if disclosed, it would preclude summary judgment; and why it has not been previously obtained." *Shelton*, 775 F.3d at 568 (quoting *Dowling v. City of Phila.*, 855 F.2d 136, 140 (3d Cir. 1988)). Instead, the declaration refers to two exhibits with no narrative description of their significance or explanation of how these exhibits from March and April of 2024 reflect the current state of discovery. (D.I. 407, Decl. of Thomas Crumplar; Exs. 1-2)

### C. 3M's Joinder

3M joins in the legal arguments presented in the motions for summary judgment filed by EIDP and MacDermid. (D.I. 393) 3M stresses that it has produced millions of pages of documents and complete answers to written discovery, which reveal no evidence that 3M sold PFAS-containing products that led to the contamination in Blades. (*Id.* at 2-4) Plaintiffs respond that there is a genuine dispute of material fact about whether the PFAS-containing products sold

by 3M to Atotech and MacDermid reached Procino or Peninsula, either directly or through third-party distributors. (D.I. 408 at 11)

I recommend that the court grant 3M's joinder for the reasons set forth at § III.A-B, *supra*. The record shows that 3M responded to Plaintiffs' discovery requests on product identification, and Plaintiffs did not identify any deficiencies in those responses. 3M confirmed that it did not sell PFAS-containing products to Procino or Peninsula, and Procino has no record of using 3M's PFAS-containing products for chrome plating baths. (D.I. 394, Ex. 3 at 2-3; Ex. 5 at 23-25) The only PFAS-containing products identified by Procino were from Atotech, which had no record of buying PFAS-containing products from 3M. (*Id.*, Ex. 6 at 12-14) Moreover, MacDermid's discovery responses confirmed that it did not purchase PFAS-containing products from 3M. (*Id.*, Ex. 7 at 7-8)

Plaintiffs alternatively ask the court to defer consideration of 3M's motion for summary judgment under Rule 56(d). (D.I. 408 at 11-14) Although Plaintiffs submit a declaration in support of their opposition, this declaration is inadequate for purposes of Rule 56(d) because it does not specify "what particular information [ ] is sought; how if disclosed, it would preclude summary judgment; and why it has not been previously obtained." *Shelton*, 775 F.3d at 568 (quoting *Dowling v. City of Phila.*, 855 F.2d 136, 140 (3d Cir. 1988)). Instead, the declaration refers to a single exhibit with no narrative description of the exhibit's significance or explanation of how the exhibit from April of 2024 reflects the current state of discovery. (D.I. 408, Decl. & Ex. 1) The deficiencies in Plaintiffs' Rule 56(d) declaration provide an independent basis for granting summary judgment in favor of 3M. *See Shelton*, 775 F.3d at 568 ("Summary judgment may . . . be granted if the Rule 56(d) declaration is inadequate.").

## IV. CONCLUSION

For the foregoing reasons, I recommend that the court GRANT the motions for summary judgment filed by EIDP and MacDermid, as well as the joinder to those motions filed by 3M. (D.I. 346; D.I. 384; D.I. 393)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: January 29, 2025

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE

11