IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CANDY CAPORALE, BRUCE DAVIS, GENE SULLENBERGER, and CHRISTINE WOOTTEN, for themselves and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 19-1672-JLH-SRF |
| EIDP, INC., THE 3M COMPANY (f/k/a Minnesota Mining and Manufacturing, Co.), ATOTECH USA, LLC, MACDERMID, INC., PROCINO PLATING, INC., a/k/a PROCINO ENTERPRISES, a/k/a PROCINO, and BLADES DEVELOPMENT LLC, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

On January 29, 2025, Magistrate Judge Fallon issued a Report and Recommendation ("Report") (D.I. 412), recommending that the Court (1) grant Defendant EIDP, Inc.'s ("EIDP's") motion for summary judgment (D.I. 346); (2) grant Defendant MacDermid, Inc.'s ("MacDermid's") motion for summary judgment (D.I. 384); and (3) grant Defendant The 3M Company's ("3M's") motion for summary judgment (D.I. 393).

As the pending motions for summary judgment present case-dispositive issues as to EIDP, MacDermid, and 3M (collectively, "Moving Defendants"), the Court has considered the motions and the parties' objections and responses to the Report *de novo*. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). For the reasons set forth below, the Court OVERRULES the objections, and the Report is ADOPTED.

**Background**

The Court assumes familiarity with its prior orders in this matter, including its rulings on Defendants' motions to dismiss (*see, e.g.*, D.I. 135, 137, 177, 200, 202), its ruling on Plaintiffs' request for leave to amend (D.I. 313, 368), and its discovery rulings (*see, e.g.*, D.I. 327, 345). Judge Fallon's Report also summarizes the relevant procedural history. (D.I. 412.) Accordingly, I provide only a summary here for context.

Plaintiffs filed this putative class action in May 2019, after federal and local authorities determined that the groundwater in Blades, Delaware, was contaminated with per- and polyfluoroalkyl substances ("PFAS"). The case was removed to this Court and the parties engaged in multiple rounds of motion practice. The operative pleading alleges that PFAS were released into the environment because of the activities at two electroplating facilities in Blades: Defendant Procino Plating, Inc. ("Procino") and the now-defunct Peninsula Plating ("Peninsula"). Plaintiffs allege that the contaminating PFAS originated with Defendants EIDP and 3M (aka "the Manufacturer Defendants"), which manufactured and sold PFAS-containing products to Defendants MacDermid and Atotech USA, LLC ("Atotech") (aka "the Supplier Defendants"), which then used those products to make other products containing PFAS, which they, in turn, sold to Procino and Peninsula for use in electroplating.

From the start, each of the Manufacturer and Supplier Defendants sought to dismiss the claims against it on the basis that the complaint failed to adequately allege that its products contributed to the contamination. The Court rejected those arguments, concluding that Plaintiffs had pleaded enough to proceed with discovery on negligence claims against the Manufacturer and Supplier Defendants. *See Banks v. E.I. du Pont de Nemours & Co.,* No. 19-1672-MN-JLH, 2022 WL 3139087, at *8 n.9 (D. Del. Aug. 4, 2022), *report and recommendation adopted*, D.I. 177.

The Court further observed that, if discovery revealed that none of a defendant's PFAS-containing products ended up at Procino or Peninsula, that defendant could move for summary judgment at the appropriate time. *See id.* at *8 n.9.

Subsequently, the parties negotiated and submitted a Joint Proposed Scheduling Order (D.I. 211), which the Court adopted (D.I. 218). The Scheduling Order provides that, "[t]hough this Order does not bifurcate discovery between 'class certification' and 'merits' discovery, the Parties shall focus discovery initially on those issues relevant to class certification," and it provides for an additional 6-month period of "non-duplicative fact discovery" after the Court's decision on class certification. (D.I. 218 ¶¶ 7(a), 14.) The Scheduling Order provides that the deadline to file summary judgment motions "will be determined" after the Court rules on class certification, but the Order does not prohibit the filing of a motion for summary judgment prior to the deadline to complete fact discovery. (*Id.* ¶¶ 10, 12.)

After the Court entered the Scheduling Order, the parties commenced discovery. Plaintiffs served discovery requests on the Manufacturer and Supplier Defendants. Defendant EIDP initially resisted responding to Plaintiffs' discovery requests pertaining to sales of its products on the basis that Plaintiffs had yet to identify a particular product sold by EIDP that ended up in the groundwater in Blades. In July 2024, Plaintiffs went to Magistrate Judge Fallon with the dispute, and she made clear that EIDP needed to provide discovery regarding sales of products and classes of products that could have ended up at Procino or Peninsula, notwithstanding Plaintiffs' inability to identify specific EIDP products. (D.I. 345.) She scheduled a hearing for August 1, 2024, in case any of the parties were unable to resolve any remaining disputes. That hearing date came and went, and no further disputes were raised with the Court.

On August 14, 2024, prior to the deadline for Plaintiffs to file a motion for class certification, Defendant EIDP moved for summary judgment, arguing that there was no evidence that any EIDP product containing PFAS made its way directly or indirectly to Procino or Peninsula. (D.I. 346.) On December 18, 2024, MacDermid filed a similar motion. (D.I. 384.) And, on December 23, 2024, 3M filed a document styled as a "joinder" to EIDP's and MacDermid's motions. (D.I. 393.)

In support of their motions for summary judgment, Moving Defendants cited record evidence produced during discovery—including sales records and interrogatory responses—purportedly showing that Moving Defendants were not the sources of any PFAS used by Procino or Peninsula.[1] (*See* D.I. 412 at 6, 9, 10.) For their part, Plaintiffs did not dispute that, in order to prevail against a particular defendant, they needed to show that the defendant's PFAS product ended up at Procino or Peninsula, and Plaintiffs agreed that they lacked evidence tying Moving Defendants to any PFAS chemicals used at the Procino and Peninsula facilities.

The motions were referred to Magistrate Judge Fallon for a report and recommendation. She heard oral argument and, on January 29, 2025, she recommended granting all three motions. (D.I. 412.)

**The Magistrate Judge Properly Concluded that Moving Defendants are Entitled to Summary Judgment.**

Summary judgment must be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is only genuine if "the evidence is such that a reasonable jury could return a verdict for the

---

[1] Evidence produced during discovery did show that non-moving Defendant Atotech sold a product containing PFAS to Defendant Procino between 2006 and 2015; the PFAS in the product was obtained from non-party Lanxess Corporation, formerly known as Bayer Chemicals.

4

nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Rule 56(c) sets forth the "[p]rocedures" for Moving Defendants to meet their burden to show that there is no genuine dispute. A party can show that a fact is not genuinely disputed by either (A) "citing to particular parts of the record" or (B) "showing that the materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

Here, Moving Defendants proceeded under Rule 56(c)(1)(B) by showing that Plaintiffs had no admissible evidence to connect Moving Defendants to any PFAS products used by Procino and Peninsula. Moving Defendants also proceeded under Rule 56(c)(1)(A) by pointing to sales records and other discovery materials showing that they did not supply any PFAS-containing products that directly or indirectly ended up at Procino or Peninsula. (D.I. 412 at 6–10.)

That shifted the burden to Plaintiffs to come forward with evidence to support their assertion that Moving Defendants' PFAS products ended up at Procino or Peninsula. *See Anderson*, 477 U.S. at 324; *Nitkin v. Main Line Health*, 67 F.4th 565, 571 (3d Cir. 2023) ("To withstand a motion for summary judgment under Federal Rule of Civil Procedure 56, 'a plaintiff . . . must point to concrete evidence in the record that supports each and every essential element of his case.'" (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 484 (3d Cir. 1995)); *Blunt v. Lower Merion Sch. Dist.,* 767 F.3d 247, 265 (3d Cir. 2014). Plaintiffs cited no evidence and, indeed, acknowledged to the Court that they lacked evidence to prove a nexus between Moving Defendants' products and any PFAS-containing chemicals used at Procino and Peninsula.

At that point, the only way for Plaintiffs to avoid summary judgment being granted against them with respect to their claims against Moving Defendants was to proceed under Rule 56(d). But that rule requires that the "nonmovant show[] by affidavit or declaration that, for specified

5

reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Plaintiffs submitted no affidavit or declaration in response to EIDP's motion. Accordingly, the Magistrate Judge appropriately recommended that the Court grant EIDP's motion for summary judgment.

Plaintiffs did submit declarations in response to each of MacDermid's and 3M's motions. However, as the Magistrate Judge recognized, Plaintiffs' declaration in response to the MacDermid motion merely "refers to two exhibits [(a copy of MacDermid's March 2024 interrogatory responses and an April 2024 discovery deficiency letter from Plaintiffs' counsel)] with no narrative description of their significance or explanation of how these exhibits from March and April of 2024 reflect the current state of discovery" (*i.e.*, when MacDermid filed its summary judgment motion in December 2024). (D.I. 412 at 9; D.I. 407-1–3.) And Plaintiffs declaration in response to 3M's motion "refers to a single exhibit with no narrative description of the exhibit's significance or explanation of how the exhibit from April of 2024 reflects the current state of discovery" (*i.e.*, when 3M filed its summary judgment motion in December 2024). (D.I. 412 at 10; D.I. 408 at 1–2.)

In sum, the record reflects that Plaintiffs requested and received discovery on the issues of whether Moving Defendants sold PFAS products that directly or indirectly went to Procino or Peninsula. While some Defendants initially resisted broad discovery, the parties later agreed on the scope of production and Plaintiffs received discovery (including sales records) suggesting that Moving Defendants' PFAS products were not used at Procino or Peninsula. Plaintiffs did not raise any objections to the scope of Defendants' responses to the discovery requests—despite the Magistrate Judge scheduling a hearing to give them a chance to do so. Nor did Plaintiffs articulate for the Magistrate Judge, as required by Rule 56(d), how obtaining additional discovery would help them show that Moving Defendants' PFAS-containing products ended up at Procino or

Peninsula. Having reviewed the record *de novo*, the Court agrees with the Report that Moving Defendants are entitled to summary judgment.

**Plaintiffs' Objections to the Report are Overruled.**

Plaintiffs make two objections to Judge Fallon's Report. First, they argue that the Report erred in concluding that Moving Defendants "met their moving burden" under Federal Rule of Civil Procedure 56(c). (D.I. 421 at 2–9.) According to Plaintiffs, Moving Defendants were required under Rule 56(c) to submit expert affidavits either showing that their respective products weren't in the groundwater or "exclud[ing] the possibility that Plaintiffs could *later* produce an expert witness to prove product i.d."[2] (D.I. 421 at 7.) Plaintiffs' position is contrary to Rule 56 and decades of precedent. As the Supreme Court explained in *Celotex Corp. v. Catrett*, there is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." 477 U.S. 317, 323 (1986); *see also Nat'l State Bank v. Fed. Rsrv. Bank*, 979 F.2d 1579, 1581–82 (3d Cir. 1992) ("Where the movant is the defendant, or the party without the burden on the underlying claim, the movant has no obligation to produce evidence negating its opponent's case."). Plaintiffs' first objection is therefore overruled.

In their second objection to the Report, Plaintiffs argue that the Court should deny the pending summary judgment motions because of "practical considerations." (D.I. 421 at 9–10.)

---

[2] Specifically, Plaintiffs contend that Moving Defendants were required to support their summary judgment motions with some combination of the following: (1) an expert analysis of the product sales records; (2) an affidavit from an expert who had undertaken a "fingerprint" analysis of the groundwater in Blades and concluded that Moving Defendants' products weren't present; and (3) evidence that Plaintiffs would not be able to produce an expert to perform a "fingerprint" analysis to connect Moving Defendants' products to the groundwater in Blades. (D.I. 421 at 4–6.) Plaintiffs' Objections cite to several sources describing chemical fingerprinting (*see* D.I. 421 at 5 n.1), none of which were cited to the Magistrate Judge.

Plaintiffs suggest that, if the Court grants the pending summary judgment motions, their attorneys will go find new plaintiffs and file a new class action against Moving Defendants and, at that point, "develop the expert testimony to prove product i.d., sufficient to defeat the motions for summary judgment that [Moving] Defendants presumably would make in *that* lawsuit." (*Id.* at 9.) According to Plaintiffs, the pendency of another case would "inject[] . . . needless complexity" into this case, which could all be avoided if the Court denies Moving Defendants' summary judgment motions. (*Id.* at 10.) Plaintiffs failed to make that argument in their briefs to the Magistrate Judge, and it is therefore forfeited. *See, e.g.,* M*asimo Corp. v. Philips Elec. N. Am. Corp.,* 62 F. Supp. 3d 368, 377 (D. Del. 2014) ("[P]arties objecting to a Magistrate Judge's report or order are required to adhere to the arguments, evidence, and issues they presented first to the Magistrate Judge."). Even if the argument weren't forfeited, the Court would reject it.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' objections to the Report (D.I. 421) are OVERRULED;
2. The Report (D.I. 412) is ADOPTED;
3. Defendant EIDP's motion for summary judgment (D.I. 346) is GRANTED;
4. Defendant MacDermid's motion for summary judgment (D.I. 384) is GRANTED; and
5. Defendant 3M's motion for summary judgment (D.I. 393) is GRANTED.

March 19, 2025

                                                                                                                                                     _____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE