# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CANDY CAPORALE, BRUCE DAVIS, GENE SULLENBERGER, and CHRISTINE WOOTTEN, for themselves and on behalf of all others similarly situated, | C.A. No.19-01672-JLH-SRF |
| *Plaintiffs*, | |
| v. | JURY TRIAL DEMANDED |
| E.I. DU PONT DE NEMOURS AND COMPANY, THE CHEMOURS COMPANY, THE 3M COMPANY, (f/k/a Minnesota Mining and Manufacturing, Co.), PROCINO PLATING, INC., a/k/a PROCINO ENTERPRISES, a/k/a PROCINO, and BLADES DEVELOPMENT LLC, | |
| *Defendants*. | |

**DEFENDANT BLADES DEVELOPMENT LLC'S
<u>REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>**

i

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES …………………………………………………………i

INTRODUCTION …………………………………………………………………...1

    I.    BLADES DEVELOPMENT IS NOT RESPONSIBLE FOR TRESPASS AND PRIVATE NUISANCE AGAINST PLAINTIFFS …………………...1

CONCLUSION ……………………………………………………………………6

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Pa. Dep't of Envtl. Prot. v. Trainer Custom Chem., LLC*,
    906 F.3d 85 (3d Cir. 2018) …………………………………………………….2

*Litgo N.J., Inc. v. Comm'r N.J. Dep't of Envtl. Prot.*,
    725 F.3d 369 (3d Cir. 2013) …………………….……………..2

*State ex rel. Jennings v. Monsanto Co.,*
    299 A.3d 372 (Del. 2023) ……………………………………….......3, 4

*State ex rel. Jennings v. Monsanto Co.*,
    No. N21C-09-179, 2022 Del. Super. LEXIS 289 (Super. Ct. July 11, 2022)….4

*Williams v. Manning*,
    2009 Del. Super. LEXIS 498 (Del. Super.) ……………………………………3

*Graham Oil Co. v. BP Oil Co.*,
    885 F. Supp. 716 (W.D. Pa. 1994) ……………………………………………..3

*F.P. Woll & Co. v. Fifth & Mitchell St. Corp.*,
    326 F. App'x 658 (3d Cir. 2009) ………………………………………………..3

*Mullane v. Midland Mortg.*,
    2021 WL 3021949 (D. Del. July 16, 2021) ……………………………….…4

*Lechliter v. Delaware Dep't of Nat. Res. & Env't Control*,
    2015 WL 9591587 (Del. Ch. Dec. 31, 2015) ………………………………..4

*Henry v. St. Croix Alumina, LLC*,
    2009 U.S. Dist. LEXIS 80830 (D.V.I. Aug. 28, 2009) ………………………….4

*Dayton v. Collison*,
    2019 WL 4668157 (Del. Super. Ct. Sept. 24, 2019) …………………………...4,5

*Quail Vill. Homeowner's Ass'n v. Rossell*,
    2018 WL 6534456 (Del. Ch. Dec. 10, 2018) ………………………………...4,5

*Keeley v. Manor Park Apts.*,

    99 A.2d 248 (Del. Ch. 1953) ………………………………………….……..5

*Phila. Elec. Co. v. Hercules, Inc.*,
    762 F.2d 303 (3d Cir. 1985) …………………………………………….…6

**Other Authorities**

Restatement (Second) of Torts § 822 ……………….………………………………...4

Restatement (Second) of Torts § 840(A) ……………..……………………………....6

Defendant, Blades Development LLC ("Blades Development") submits this Reply brief in further support of its Motion for Summary Judgement in the above-captioned matter.

## INTRODUCTION

Plaintiffs' argument in opposition to summary judgment is that Blades Development is liable for nuisance and private trespass.

### I. Blades Development is Not Responsible for Trespass and Private Nuisance Against Plaintiffs.

Plaintiffs allege Blades Development is liable for nuisance and private trespass caused by PFAS in its property after it took ownership of the contaminated land and now continues to leave the contamination unaddressed. (Pl. Opp. to Def.'s MSJ at 11).[1] Plaintiffs further argue that contamination spread from Blades Development's land and entered Plaintiffs' water supply, causing serious harm. *Id*. Plaintiffs provide no evidence that PFAS originated from Blades Development's site and infiltrated the groundwater of the Town of Blades – let alone that such contamination occurred after Blades Development owned the property at issue.

Plaintiffs claim the record shows that the former Peninsula Plating facility, now owned by Blades Development, was a significant source of PFAS pollution in the Town of Blades by referencing the EPA/DNREC Town of Blades Public Wells Sampling Work Plan. (Pl. Opp. To MSJ at 11).[2] However, they fail to demonstrate whether the alleged contamination occurred at any time during which Blades Development has been in existence or had control over the property. Neither

---

[1] In fact, Plaintiffs claim on Pg. 9 of their brief that Blades Development entered into a BDA with DNREC but point to a BDA that did not include Blades Development and was signed and completed before Blades Development existed.

[2] Plaintiffs state that "[t]he record amply shows that the former Peninsula Plating facility … was a significant source of PFOA/PFOS pollution" but point to a wells sampling plan that refer to the site as a "potential source[]" before any testing was actually performed.

1

can they establish that Blades Development could have prevented pollution from leaving the property even assuming arguendo that such contamination existed and they knew.

Plaintiffs allege that the owner of real property may be held liable for environmental contamination that took place before the owner acquired the property and cite to *Pa. Dep't of Envtl. Prot. v. Trainer Custom Chem., LLC*. (Pl. Opp. to Def.'s MSJ at 17).  However, this case was based on interpreting the language in The Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) to determine the meaning of "all costs" in 42 U.S.C.S. § 9607(a).  Under CERCLA, all costs include costs incurred both before and after a current owner acquired the property, meaning that a current owner was liable for the removal costs at the site regardless of when those costs were incurred.  *Pa. Dep't of Envtl. Prot. v. Trainer Custom Chem., LLC*, 906 F.3d 85, 87 (3d Cir. 2018).  That holding was not based on satisfying plaintiffs' burden of proving the negligence claims of trespass and private nuisance.

Plaintiffs also refer to *Litgo N.J., Inc. v. Comm'r N.J. Dep't of Envtl. Prot.*, 725 F.3d 369 (3d Cir. 2013) where property owners were held liable even though they did not cause the initial contamination of the property because they exercised actual control over pollution-related operations by conducting tests and hiring contractors to perform remediation operations at the property. (Pl Opp. to Def.'s MSJ at 13).   Plaintiffs already point out that the current owners in that case were held liable because they exercised actual control over pollution-related operations. However, they fail to mention that Blades Development acquired the property after cleanup. Therefore, Plaintiffs are unable to prove that Blades Development had exercised actual control over any PFAS-related operations.

Plaintiffs allege the ongoing presence of contamination means that Blades Development's conduct is continuing in nature, giving rise to continuing claims and damages. (Pl. Opp. to Def.'s

2

MSJ at 14). Trespass interferes with a plaintiff's exclusive possession of property. *State ex rel. Jennings v. Monsanto Co.,* 299 A.3d 372, 380 (Del. 2023). A claim for trespass involves three elements: (1) the plaintiff must have lawful possession of the land; (2) the defendant must have entered onto the plaintiff's land without consent or privilege; and (3) the plaintiff must show damages. *Id.* (citing *Williams v. Manning*, 2009 Del. Super. LEXIS 498, 2009 WL 960670, at *8 (Del. Super.)).

A continuing trespass must be distinguished from a trespass which permanently changes the physical condition of the land. *Graham Oil Co. v. BP Oil Co.*, 885 F. Supp. 716, 718 (W.D. Pa. 1994). The fact that the harm thus occasioned on the land is a continuing harm does not subject the actor to liability for a continuing trespass. *Id.* Soil and groundwater contamination is classified as a permanent change rather than a continuing trespass. *F.P. Woll & Co. v. Fifth & Mitchell St. Corp.*, 326 F. App'x 658, 662 (3d Cir. 2009).

Since the conduct has produced a permanent injury to the land, the possessor's right is to full redress - in a single action for the trespass, and a subsequent transferee of the land, as such, acquires no cause of action for the alteration of the condition of the land. *Graham Oil Co.*, 885 F. Supp. 716 at 718.

Delaware courts have found there can be no trespass action for contamination where there is no allegation of control by defendants of the instrumentality at the time at which the pollution occurred. *State ex rel. Jennings v. Monsanto Co.*, No. N21C-09-179 MMJ CCLD, 2022 Del. Super. LEXIS 289, at *15 (Super. Ct. July 11, 2022) (finding "[g]enerally, there must be some exercise of ownership or control over the intruding instrumentality.") Plaintiffs provide no evidence that Blades Development has exercised ownership or control over the intruding instrumentality at the time at which the pollution occurred.

3

Plaintiffs also refer to *State ex rel. Jennings v. Monsanto Co,* stating the Delaware courts have also held that "[t]o state a trespass claim against a non-landowner for environmental harm, "[i]t is enough that an act is done with knowledge that it will to a *substantial certainty* result in the entry of the foreign matter." *State ex rel. Jennings v. Monsanto Co.*, 299 A.3d 372, 389 (Del. 2023). However, Plaintiffs are asserting a trespass claim against Blades Development, a landowner, rather than a non-landowner. (Pl. Opp. To Def's MSJ at 15).

This Court has held that "[a] private nuisance is "a nontrespassory invasion of another's interest in the private use and enjoyment of land." *Mullane v. Midland Mortg.*, 2021 WL 3021949, at *2 (D. Del. July 16, 2021) (quoting *Lechliter v. Delaware Dep't of Nat. Res. & Env't Control*, 2015 WL 9591587, at *16 (Del. Ch. Dec. 31, 2015)). Once plaintiffs have established that defendants interfered with the use and enjoyment of their property, they may secure recovery at trial by showing that the invasion occurred in one of a variety of ways. These include proving that the invasion was "intentional and unreasonable" or that it was "unintentional and otherwise actionable under the rules controlling liability for negligent or reckless conduct, or for abnormally dangerous conditions or activities." *Henry v. St. Croix Alumina, LLC*, No. 1999-0036, 2009 U.S. Dist. LEXIS 80830, at *21 (D.V.I. Aug. 28, 2009) (citing Restatement (Second) of Torts § 822).

Plaintiffs cite to *Dayton v. Collison*, claiming a private nuisance claim can be brought up when the owner of a property, "permits acts or conditions that "become nuisances due to circumstances or location or manner of operation or performance." (See Pl. Opp. to Def.'s MSJ at 14) (citing *Dayton v. Collison*, 2019 WL 4668157, at *5 (Del. Super. Ct. Sept. 24, 2019)). However, *Dayton* was quoting *Quail Vill. Homeoner's Ass'n v. Rossell,* which was referring to a type of private nuisance called nuisance-in-fact. A nuisance-in-fact exists when a person, acting lawfully on her own property, permits acts or conditions that become nuisances due to

4

circumstances or location or manner of operation or performance. *Quail Vill. Homeowner's Ass'n v. Rossell*, 2018 Del. Ch. LEXIS 560, 2018 WL 6534456, at *9. In other words, a person's use of their property constitutes an unreasonable invasion of their neighbor's property rights and interferes with their neighbor's reasonable enjoyment of their property, when the facts are considered from an objective point of view. *Id.*

Plaintiffs attempt to explain that since Blades Development had allegedly permitted its land to continue causing harm by not taking any action to remediate the contamination, it is liable under a nuisance-in-fact claim. (Pl. Opp. to Def.'s MSJ at 14). A nuisance-in-fact claim requires a showing of a causal link between Blades Development's conduct and the interference of PFAS in the groundwater. As we have already discussed, Plaintiffs have no evidence that Blades Development continued to allow the land to be a harm to anyone.

The court in *Dayton* found that defendant's conduct of the alleged removal and clogging of the drainage pipe and defendant's alleged altering of the grade of his property constituted proper nuisance in fact claims. *Dayton v. Collison*, No. N17C-08-100 CLS, 2019 Del. Super. LEXIS 446, at *17 (Super. Ct. Sep. 24, 2019). The *Dayton* court required plaintiffs to provide evidence demonstrating defendant's use/conduct to sustain the nuisance in fact claims. Plaintiffs provide no evidence showing Blades Development's use/conduct unreasonably interferes with plaintiffs' reasonably enjoyment of their property.

Further, Delaware courts have held, "[a]ll those who participate in the creation or maintenance of a nuisance are generally liable to third persons for injuries suffered therefrom." *Keeley v. Manor Park Apts.*, Sec. 1, Inc, 99 A.2d 248 (Del. Ch. 1953). Blades Development did not participate in the creation or maintenance of the alleged nuisance, and thus should not be liable to Plaintiffs for injuries sustained from the groundwater contamination.

In *Phila. Elec. Co. v. Hercules, Inc.*, the court considered the condition created by the previous owner which amounted to a nuisance, and made the previous owner liable for this condition citing Restatement (Second) of Torts, § 840A. *Phila. Elec. Co. v. Hercules, Inc.*, 762 F.2d 303, 313 (3d Cir. 1985).

## CONCLUSION

For the foregoing reasons, Blades Development, LLC respectfully asks that the Court grant summary judgment in this matter and dismiss all claims against them with prejudice.

Dated: May 8, 2025

**FISHER BROYLES, LLP**

**/s/ Brian D. Tome**
Brian D. Tome (#5300)
1000 N. West Street, Suite 1200
Wilmington, DE 19801
(302) 383-8136
brian.tome@fisherbroyles.com
*Attorney for Defendant*
*Blades Development, LLC*