# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW
500 DELAWARE AVENUE
P. O. BOX 1150
WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

August 22, 2025

The Honorable Sherry R. Fallon  
United States District Court  
844 N. King Street  
Wilmington, DE 19801

VIA ELECTRONIC FILING

Re:  *Candy Caporale, et al. v. EIDP, Inc., et al.,*  
C.A. No. 19-1672-JLH-SRF

Dear Judge Fallon:

I write on behalf of Defendant Atotech USA, LLC ("Atotech") in response to Plaintiffs' August 21, 2025 Letter (D.I. 481). Plaintiffs state that they are "voluntarily withdrawing their Motion for Class Certification (D.I. 356) with respect to the proposed Personal Injury and Property Damage Classes," and instead intend to "proceed solely with their request for certification of an issues class under Fed. R. Civ. P. 23(c)(4)." (D.I. 481 at 1.) Plaintiffs further state that, in their view, their Letter "should eliminate the need for oral argument" on Defendants' motions to exclude Plaintiffs' experts Dr. Alan Ducatman, Dr. Kevin Boyle, and Dr. Stephen King. (*Id*.)

Plaintiffs did not meet and confer with Atotech prior to filing their letter, and thus Atotech had no input on Plaintiffs' assertions therein. To avoid any confusion caused by Plaintiffs' letter, Atotech hereby provides a brief response as to the impact of Plaintiffs' withdrawal.

Plaintiffs filed their Motion for Class Certification on August 26, 2024. In the Motion, Plaintiffs moved for certification of "two separate classes." (D.I. 355 at 1.) In their Memorandum of Law in Support of Motion for Class Certification, they proposed definitions for their two classes: a "Personal Injury, Liability Issues Only Class ('Class 1')", and a "Property Damage Class ('Class 2')." (D.I. 356 at 7.) Those two proposed classes comprised different individuals; Class 1 included present and past residents (back to 1985), and Class 2 included only current property owners.

Plaintiffs have now withdrawn their request to certify the two classes they proposed. The result of their Letter should be denial of their motion in its entirety. Plaintiffs assert that the Court should nevertheless certify an "issues class . . . limited to the questions of whether Defendants discharged PFAS into the environment, whether those discharges contaminated municipal and private water systems, and whether Defendants' conduct breached applicable duties of care." (D.I. 481 at 1.) However, Plaintiffs did not move for a third class, in the

{02157084;v1 }

The Honorable Sherry R. Fallon
August 22, 2025
Page 2

alternative or otherwise, under Rule 23(c)(4).  (*See* D.I. 355 (motion for class certification referencing "two separate classes," and not mentioning Rule 23(c)(4) at all).)

In their Memorandum of Law (as opposed to their Motion), Plaintiffs addressed certification of an issues class under Rule 23(c)(4)—but it was indistinguishable from the "Personal Injury, Liability Issues Only Class" that they have now withdrawn.  Plaintiffs included three pages regarding Rule 23(c)(4) at the end of their Memorandum of Law, but the only place in the class certification briefing where Plaintiffs referenced the "issues" on which they now want a class was the second-to-last page of their reply brief.  (D.I. 463 at 14.)

Plaintiffs' untimely request for a Rule 23(c)(4) class on the issues listed in the Letter is also flawed because Plaintiffs have not proposed a class definition.  Neither Plaintiffs' briefs nor their Letter state who would be in the class they now ask the Court to certify.  The two classes they originally proposed had different membership, so the withdrawn definitions do not provide a default answer.  This is a substantive problem, not a mere housekeeping matter.  The Court's predominance analysis, for instance, depends on putative class membership.[1]  Further, it is unclear from Plaintiffs' Letter which sections of their briefs are still operative.  The Letter cites six pages of briefing, but presumably Plaintiffs are still relying on other sections as well.  Plaintiffs are attempting to rewrite their Motion a year after they filed it, asking the Court to guess what purported class they are attempting to certify, and requiring the Court to fill in the *Gates* analysis missing from their motion.  *See Gates v. Rohm & Haas Co.,* 655 F.3d 255, 272 (3d Cir. 2011) (noting certification nunder Rule 23(c)(4) "must be supported by rigorous analysis").

Finally, Plaintiffs state that their withdrawal of their two class definitions should result in three of Defendants' motions being taken off calendar, because the witnesses addressed in those motions "have been submitted as experts only with respect to issues related to personal injury and property damage claims."  (D.I. 481 at 1.)  But Plaintiffs have not withdrawn the experts, nor have Plaintiffs stated that they withdraw the sections of their class certification briefing in which they relied on those experts.  Thus, the Court should grant the Motions to Exclude.

Plaintiffs' Letter concedes that their requests to certify Class 1 and Class 2 should not go forward.  On that basis alone, the Court can deny the Motion for Class Certification.  Atotech will be prepared to address at the September 10 hearing the myriad other reasons the Court should deny certification of a new issues class.

---

[1] By way of example, Plaintiffs ask the Court to certify a class as to "whether Defendants' conduct breached applicable duties of care."  If the putative issues class comprises both current and past residents, then foreseeability—which is highly relevant to existence of a duty—would not be a common question, because the state of the art regarding PFAS changed over time.  But because Plaintiffs did not, in fact, move for a separate issues class (other than Class 1, which they have withdrawn) or propose a class definition, the Court cannot determine whether foreseeability would be a common or individual question.

The Honorable Sherry R. Fallon
August 22, 2025
Page 3

                                                Respectfully submitted,

                                                */s/ Brian A. Biggs*

                                                Brian A. Biggs (#5591)

BAB/nlm

cc:      All Counsel of Record (via electronic mail)

{02157084;v1 }