IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CANDY CAPORALE, BRUCE DAVIS, GENE SULLENBERGER, and CHRISTINE WOOTTEN, for themselves and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>EIDP, INC., THE 3M COMPANY (f/k/a Minnesota Mining and Manufacturing, Co.), ATOTECH USA, LLC, MACDERMID, INC., PROCINO PLATING, INC., a/k/a PROCINO ENTERPRISES, a/k/a PROCINO, and BLADES DEVELOPMENT LLC,<br><br>　　　　　　　　　　Defendants. | C.A. No. 19-1672-JLH-SRF |

**JOINT STATUS LETTER TO THE HONORABLE SHERRY R. FALLON**

Dear Judge Fallon:

Pursuant to the Court's August 25, 2025 Oral Order, the parties submit the following status letter.

**<u>Plaintiffs' Position</u>**

1. Plaintiffs propose that the issues class under Rule 23(c)(4) be defined as follows: "Persons who currently own property within the proposed class area and persons who resided within the proposed class area for six months or more from 1985 to present and who have been diagnosed with an ailment associated with PFAS exposure."[1]

2. Plaintiffs do intend to withdraw Dr. Alan Ducatman and Dr. Kevin Boyle as experts for purposes of class certification. Plaintiffs did not disclose or rely on Dr. Stephen King as an expert, but are withdrawing any reliance on his report, and on the reports of Dr. Ducatman and Dr. Boyle, to support their motion for class certification. To the extent permitted by law, Plaintiffs reserve the right to tender Drs. Ducatman and/or Boyle as experts on the merits, at which point they may have revised their methodology.

3. Plaintiffs agree with Defendants that the pending motions to strike and/or exclude at D.I. 433, D.I. 435, and D.I. 439 can be terminated as moot.

4. The class-certification briefing was focused almost entirely on the non-issues classes. While some of the briefs' arguments remain pertinent, much of the briefing is now irrelevant, and the pertinent and non-pertinent materials are interwoven such that very few, if any, entire sections (as opposed to pages, paragraphs, or even sentences) remain fully operative.

Plaintiffs' goal in dismissing the two non-issues classes was to simplify this case substantially while retaining an efficient structure for the determination of common issues. The class-certification issues that remain before the Court, while simpler than before, are critical, and have not been fulsomely briefed. Plaintiffs therefore suggest that the parties submit new, tailored class-certification briefing. Such briefing would be focused on what is most relevant to the Court for the class currently proposed, and could be substantially shorter; Plaintiffs suggest briefs of half the length contemplated by Local Rule 7.1.3(4). The new, tailored briefing need not be a source of delay: The parties could utilize their existing experts (which, for Plaintiffs, would mean only Dr. Laton) and draw some of their arguments from their prior briefing, and the Court could set an expedited briefing schedule.

5. Plaintiffs' position is that Dr. Laton's testimony remains relevant with respect to the issues class. But there is substantial overlap between the question of the admissibility of Dr. Laton's testimony and that of class certification—as evidenced by the extensive reference, in the briefing on Defendants' motion to exclude Dr. Laton's testimony, to now-dismissed Classes 1 and 2. *See generally* D.I. 438, D.I. 467, D.I. 476. Plaintiffs therefore suggest that the argument on D.I. 437 be rescheduled to follow targeted class-certification re-briefing addressed to the issues class. For the Court's and parties' convenience, argument on the pending motion for summary judgment (D.I.

---

[1] Per the Court's August 25, 2025, order, the parties met and conferred on August 29, 2025. Plaintiffs did not understand from that conversation that Defendants opposed Plaintiffs' narrowing of the class definition and, as a result, did not brief or provide any argument respecting Question 1 in their portion of this joint status report. We also did not understand the Court's order to invite any argument respecting Question 1. We did propose that the parties agree on renewed class-certification briefing, which Defendants opposed. *See infra* Question 4.

1

459) could be rescheduled to coincide with the argument on D.I. 437. Plaintiffs are of course happy to appear and provide their arguments respecting both D.I. 437 and D.I. 459 on September 10.

**Defendants' Position**

A year after filing their Motion for Class Certification, Plaintiffs suddenly have a new class definition, new Rule 23(c)(4) "issues" raised for the first time in their class certification Reply, and no experts on critical points (by their own choice). Those three shifts, each significant in its own right, combine to leave their present position unmoored from the arguments in their Motion. Their proposed resolution is a "do-over" of class briefing. However, the correct result is denial of their Motion in its entirety—which would have been the correct ruling on the Motion regardless.

In August 2024, five years into the litigation and months after their original class certification deadline (*see* D.I. 327), Plaintiffs filed their Motion for Class Certification, relying on four class expert declarations. Plaintiffs spent several more months producing the reliance materials that should have been proffered simultaneously. Defendants designated rebuttal class experts, Plaintiffs served a second report from now-withdrawn Dr. Boyle, and the parties deposed one another's experts. In May 2025, the parties completed briefing on Plaintiffs' Motion and Defendants' Motions to Exclude and Strike. Plaintiffs waived argument on their Motion for Class Certification. At Defendants' request, the Court set argument on Defendants' Motions for September 10.

Three weeks before oral argument on Defendants' Motions, Plaintiffs sent a letter to the Court withdrawing their two proposed class definitions (one damages class and one issues class), which—according to Plaintiffs—mooted three of Defendants' Motions. (D.I. 481.) Plaintiffs asked the Court to instead certify a new, undefined issues class under Rule 23(c)(4). The Court ordered the parties to confer regarding this submission. On August 27, Plaintiffs proposed to Defendants a new class definition, and identified the pages of their briefing they believe are still operative—essentially every page of their briefs, notwithstanding the new definitions, new issues, and withdrawal of their experts. On August 29, Plaintiffs changed tack again, conceding that their new positions do not fit with the arguments in their briefs. They stated they intend to ask for leave to file a replacement Motion for Class Certification, reflecting their new arguments (and lack of expert testimony).

Plaintiffs' new class definition amplifies the significant deficiencies under Rule 23 that doomed the original classes, and their proposed issues for certification under Rule 23(c)(4) would do nothing to "substantially facilitate[] the resolution of the civil dispute." *Russell v. Educ. Comm'n for Foreign Med. Graduates*, 15 F.4th 259, 270 (3d Cir. 2021).

Plaintiffs' untimely request to amend their Motion for Class Certification is also highly prejudicial to Defendants. Plaintiffs should not be permitted additional briefing to develop new arguments in support of an entirely new class. *See Glover v. Wells Fargo Home Mortg.*, 629 F. App'x 331, 344 (3d Cir. 2015) (affirming denial of certification motion filed after deadline based on lack of good cause). In February, the Court warned that no further changes to the class certification schedule would be permitted absent good cause and reasonable efforts "sufficiently in advance of the deadlines." (D.I. 425.) Plaintiffs are well beyond the deadline and can demonstrate neither good cause nor reasonable efforts to raise these issues prior to the deadline.

1.      <u>The definition(s) for Plaintiffs' proposed issues class(es) under Rule 23(c)(4).</u> On August 27, Plaintiffs stated they will seek certification of an issues class comprising current property owners in "the class area" and people who lived in "the class area" for at least six months since 1985 and "who have been diagnosed with an ailment associated with PFAS exposure."[2] Plaintiffs' new class suffers

---

[2] Ms. Caporale, the former proposed representative of Class 1, is presumably the proposed representative of the "ailments" side of the putative class. Davis, Sullenberger, and Wooten were

from more deficiencies than the classes they initially proposed. First, Plaintiffs have introduced "medical diagnosis" and "associated ailments" criteria into their class definition for the first time. Even identifying the list of "associated ailments"—on which there is no agreement in the medical community, let alone between the parties—is beyond Plaintiffs' reach now that they have withdrawn their toxicology expert (Dr. Ducatman). What is more, Plaintiffs have no evidence Ms. Caporale is a putative class member, let alone a typical and adequate representative as she does not know the extent of her PFAS exposure, has never had her blood tested for PFAS, and no doctor has ever told her that any of her "ailments" were caused by PFAS. See D.I. 443, Ex. G at 12. Further, Plaintiffs offer no way (i) to identify people who lived in the area for at least six months in the past 40 years, or (ii) to determine which of them have been "diagnosed with an ailment associated with PFAS exposure" at some point in their lives.[3]

Second, Plaintiffs' withdrawal of their property damage expert (Dr. Boyle) has exacerbated the standing problem among the property owners in the new putative class. Plaintiffs argued that every current property owner had Article III standing because Dr. Boyle opined that all property values in the "class area" were diminished. (D.I. 463 at 1.) Dr. Boyle was also Plaintiffs' sole basis for arguing that current property owners within Blades town limits—where residents receive filtered municipal water—have a claim for property damage. (D.I. 467 at 6.) Plaintiffs have now withdrawn Dr. Boyle's opinion, and with it any basis for presuming that most putative class members have standing. That also leaves Plaintiffs without record evidence of numerosity.

Third, Plaintiffs' new class and their proposed issues do not satisfy Rule 23(c)(4). "A court's decision to exercise its discretion under Rule 23(c)(4), like any other certification determination under Rule 23, must be supported by rigorous analysis." *Gonzalez v. Corning*, 885 F.3d 186, 202 (3d Cir. 2018). Rule 23(c)(4) authorizes certification of an issues class only if (1) the class satisfies Rule 23(a), (2) the class fits within one of Rule 23(b)'s categories, and (3) it is "appropriate" to certify the proposed issues as a class." *Gates v. Rohm and Haas Co.,* 655 F.3d 255, 273 (3d Cir. 2011). Issues classes are "appropriate" only when the issue is severable from the rest of the action and resolution on a class-wide basis "will fairly and efficiently advance the resolution of class members' claims." *Id.*

Plaintiffs ask the Court to certify exactly the kind of issues class the Third Circuit expressly rejected in *Gates.* In *Gates*, a groundwater contamination case where plaintiffs sought to certify a property damage liability issues class, the Third Circuit found that a trial on whether defendants discharged the contaminant at issue was "unlikely to substantially aid resolution of the substantial issues on liability and causation." *Gates,* 655 F.3d at 274. Further, the amount of contamination at each putative class member's property required individualized analysis and could not be adjudicated on a class-wide basis under the banner of "liability." *Id.*

Plaintiffs' proposed issues pose exactly the same problems here. For example, Plaintiffs propose a class-wide determination of whether Defendants' "discharges contaminated municipal and private water systems." But whether a particular discharge reached *a particular* class member's private well does not answer whether a discharge contaminated *each* class member's private well. That is especially true where there are multiple defendants, multiple chemicals, and multiple potential sources. Plaintiffs' proposed issue is either not a common question or does not advance the litigation at all. An issues class would not aid in the resolution of the dispute because "[t]he claims and issues

---

the proposed representatives of Class 2 and presumably are the proposed representatives of the "current owners" component.

[3] Per the Court's August 25, 2025, order, the parties met and conferred on August 29, 2025, during which Defendants clearly stated their opposition to Plaintiffs' proposal in its entirety.

here are complex and common issues do not easily separate from individual issues." *Id.* Further, even if the Court determined the existence of a duty and whether it was breached, causation and damages would remain. *Russell* rejected such a legal duty issues class because defendants "may face undue pressure to settle, even if their breach did not cause Plaintiffs' harm." 15 F.4th at 272. Given that Plaintiffs' new class definition is untenable and the proposed issues would not substantially aid in the resolution of this case, the Court should deny certification.

2. <u>Whether Plaintiffs intend to withdraw Dr. Alan Ducatman, Dr. Kevin Boyle, and Dr. Stephen King as experts.</u> Plaintiffs have withdrawn these experts and their reports and disclaimed any ability to rely on them for class certification purposes. However, Plaintiffs cannot unweave their expert evidence from their class certification briefing, because these experts' opinions pervade the Motion and Reply—including citations in some sections of briefing that Plaintiffs assert are still "operative." (*E.g.*, D.I. 356 at 3 (discussion of Dr. Ducatman's toxicology opinions).) The proper remedy is not a new motion or supplemental briefing. The effect of the withdrawal should be denial of Plaintiffs' Motion.

3. <u>Whether the pending motions to strike and/or exclude at D.I. 433, D.I. 435, and D.I. 439 may be terminated as moot.</u> Defendants agree that D.I. 433, D.I. 435, and D.I. 439 can be terminated as moot. Defendants note that their real estate valuation and toxicology expert reports, (D.I. 443, Exs. R (JLL Valuation & Advisory Services Report) and Q (Prueitt Report)), submitted in support of Defendants' opposition to class certification, are now unrebutted.

4. <u>Which sections of the briefing remain operative with respect to the pending motion for class certification, (D.I. 464), and the motion to exclude the testimony of Dr. Laton, (D.I. 437).</u> Defendants are not withdrawing any parts of their briefing on the motion for class certification or motion to exclude the testimony of Dr. Laton.

Plaintiffs' request would amount to a massive overhaul of the scheduling order. When a party moves to alter a scheduling order, it has the burden to demonstrate "good cause" under Rule 16(b)(4), including diligence and lack of prejudice to the opposing party. The Third Circuit has expressly rejected similar attempts to redefine a proposed class in a motion filed after the deadline, where plaintiffs offered no good cause. *See Glover*, 629 F. App'x at 344. Plus, this is not the first time Plaintiffs have asked to delay and extend the schedule at the last moment. Ruling on Plaintiffs' request to extend class discovery just three days before that deadline, the Court found that Plaintiffs had not shown "the requisite diligence in this case." (D.I. 327; *see also* D.I. 425, *supra*.) Plaintiffs' desire to avoid a *Daubert* hearing on their experts does not constitute good cause.

5. <u>What issues, if any, remain pending for oral argument on September 10, 2025 regarding the motion to exclude the expert testimony of Dr. Laton, (D.I. 437).</u> The Court can deny Plaintiffs' Motion on the current record, mooting Defendants' Motion to Exclude Dr. Laton. Otherwise, Defendants agree that oral argument on the Motion should proceed as scheduled.

        Respectfully submitted,

        */s/ Brian A. Biggs*

        Brian A. Biggs (#5591)
        *Counsel for Atotech USA, LLC*

BAB/nml

cc:    All Counsel of Record (via electronic mail)