# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CANDY CAPORALE, BRUCE DAVIS,   )
GENE SULLENBERGER, and     )
CHRISTINE WOOTTEN, for themselves   )
and on behalf of all others similarly situated, )
         )
    Plaintiffs,     )
         )
    v.      )
         )   C.A. No. 19-1672-JLH-SRF
EIDP, INC., THE 3M COMPANY (f/k/a   )
Minnesota Mining and Manufacturing, Co.), )
ATOTECH USA, LLC, MACDERMID,   )
INC., PROCINO PLATING, INC., a/k/a   )
PROCINO ENTERPRISES, a/k/a   )
PROCINO, and BLADES   )
DEVELOPMENT LLC,   )
         )
    Defendants.    )

## ORDER

At Wilmington, this 17th day of July, 2026;

WHEREAS, Magistrate Judge Fallon issued a Report and Recommendation on February 10, 2026 (D.I. 495 ("R&R")), recommending that the Court deny Defendants' motion to exclude Dr. Laton's testimony, deny Plaintiffs' motion for certification of an issue class, and deny Defendant Blades Development's motion for summary judgment;

WHEREAS, on February 24, 2026, Defendant Blades Development LLC ("Blades") filed Objections to the R&R solely with respect to Judge Fallon's recommendation to deny its motion for summary judgment (D.I. 497 ("Objections"));

WHEREAS, Plaintiffs did not file objections nor did they file a response to Blades' Objections;

WHEREAS, the Court reviews Blades' Objections *de novo*, *see* Fed. R. Civ. P. 72(b)(3) & 28 U.S.C. § 636(b)(1)(B),(C);

WHEREAS, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a);

WHEREAS, Blades argued in its summary judgment motion that it is immunized from liability for trespass and nuisance pursuant to the Delaware Hazardous Substances Cleanup Act ("DHSCA"), the Brownfield Development Agreement ("BDA"), and the Certification of Completion Remedy ("COCR") (D.I. 460);

WHEREAS, the R&R rejected that argument, concluding (among other things) that Blades "cited no authority supporting an expansion of the DHSCA's immunity provision to govern liability for common law tort claims" (R&R at 34) and that Blades cited no evidence supporting its contention "that the BDA or the COCR covers liability for the alleged PFAS contamination at issue here" (*id.*);

WHEREAS, Blades further argued that summary judgment should be granted in its favor because there was a lack of evidence showing that Blades created any PFAS contamination (D.I. 460 at 6–7; D.I. 469 at 5);

WHEREAS, the R&R rejected Blades' argument, citing (among other things) evidence that Blades had not undertaken any action to remediate PFAS contamination despite knowledge of PFAS migration from its site into the groundwater (R&R at 36);

WHEREAS, Blades filed objections to the R&R "ask[ing] the Court to (1) receive additional evidence necessary to resolve the objections *de novo* and (2) either hold an evidentiary hearing or accept specified supplemental materials into the record" (Objections at 1); according to

2

Blades, "[r]eceiving this evidence is necessary to correct the record, avoid manifest injustice, and permit the Court to make fully informed *de novo* determinations on the dispositive issues identified in the objections" (*id.*);

WHEREAS, Blades' "Objections" argue that the Magistrate Judge relied on "incomplete or inaccurate factual findings and on credibility and factual determinations outside the existing record" (Objections at 1), but the R&R made no factual findings or credibility determinations (*i.e.*, it applied the summary judgment standard) (*see* R&R at 31–32 (citing, among other things, Fed. R. Civ. P. 56 & *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007)));

WHEREAS, if Blades wanted the Magistrate Judge to consider certain evidence when assessing Blades' summary judgment motion, Blades should have presented that evidence to the Magistrate Judge;[1]

WHEREAS, Blades' request that this Court conduct an "evidentiary hearing" is inappropriate, as the pending motion is a motion for summary judgment;

WHEREAS, the Court agrees with Judge Fallon that disputed facts preclude the grant of summary judgment to Blades (R&R at 35–36);[2] and

WHEREAS, there are no other objections to the R&R;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. Blades' Objections to the February 10, 2026 Report and Recommendation (D.I. 497) are OVERRULED.  Blades' request to receive further evidence is DENIED.

---

[1] Blades' "objections" do not indicate what additional evidence it seeks to present.

[2] To the extent that Blades disputes the credibility or accuracy of Plaintiffs' evidence (*see, e.g.*, D.I. 469 at 1, n.1, 2), that is the sort of dispute left to the factfinder at trial.

2.  Judge Fallon's February 10, 2026 Report and Recommendation (D.I. 495) is ADOPTED.

3.  Blades' Motion for Summary Judgment (D.I 459) is DENIED.

4.  Defendants' Motion to Exclude Testimony of Dr. Richard Laton (D.I. 437) is DENIED.

5.  Plaintiffs' Motion for Class Certification (D.I. 464) is DENIED.

_____

The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE